Henri Lynn **BURTON** (Casey), et al., Plaintiffs,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Defendants.**

**Civ. A. No. H–94–1666.**

United States District Court, S.D. Texas.

Nov. 18, 1994.

---

1. Defendant's Response to Plaintiff's Motion for     Judgment on the Pleadings, pg. 6.

James Baker Manley, Manley & Alter, Pasadena, TX, for plaintiffs.

Katherine Dudas Mackillop, Fulbright & Jaworski, David P. Ayers, Houston, TX, for defendants.

### MEMORANDUM AND ORDER

CRONE, United States Magistrate Judge.

#### I. *Introduction.*

Pending before this court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Partial Summary Judgment and Supplemental Motion for Partial Summary Judgment (Docket Entry #'s 12 & 17). State Farm seeks summary judgment on Plaintiffs Henri Lynn Burton ("Burton") and Kadi Casey's ("Kadi") claims of breach of contract, misrepresentation, breach of the common law duty of good faith and fair dealing, deceptive trade practices, violations of articles 21.21 and 21.55 of the Texas Insurance Code, and for uninsured motorist benefits. Having reviewed the pending motions, the submissions of the parties, the pleadings, and the applicable law, this court is of the opinion that State Farm's motions should be granted.

#### II. *Background.*

On April 16, 1990, Burton and Kadi were involved in a single-vehicle accident. They were travelling in an automobile being driven by James Casey ("James") when he lost control of the vehicle and hit an embankment. James is Kadi's father and was Burton's husband at the time of the accident. James and Burton had liability insurance and uninsured motorist coverage through State Farm.

Following the accident, Burton and Kadi filed a liability claim with State Farm alleging that James' negligence had caused the collision and their resulting injuries. On May 22, 1990, State Farm denied the liability claim on the basis of the family member exclusion contained in the insurance policy. Burton and Kadi then asserted an uninsured motorist claim against State Farm, which it denied on June 27, 1990.

On April 14, 1994, almost four years following the denial of their liability and uninsured motorist claims, Burton and Kadi brought the instant lawsuit against State Farm and Bill Kurtz ("Kurtz"), the insurance agent who

sold James and Burton the policy. In this action, the plaintiffs allege breach of contract, misrepresentation, breach of the common law duty of good faith and fair dealing, deceptive trade practices, and violations of articles 21.21 and 21.55 of the Texas Insurance Code. In the alternative, they seek payment of uninsured motorist benefits.

#### III. *Analysis.*

##### A. *The Applicable Standard.*

■ Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Williams v. Adams,* 836 F.2d 958, 960 (5th Cir.1988). Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. at 322–323, 106 S.Ct. at 2552–53; *Anderson v. Liberty Lobby,* 477 U.S. at 257, 106 S.Ct. at 2514–15; *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to the non-movant's case on which the non-movant bears the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. at 322, 106 S.Ct. at 2552.

**B.** *The Good Faith and Fair Dealing, Deceptive Trade Practices, and Insurance Code Claims.*

**1.** *The Statute of Limitations.*

■ Causes of action against insurers for breach of the common law duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of the Texas Insurance Code ("Insurance Code") accrue on the date the insurance claim at issue is denied. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 828 (Tex.1990); *Abe's Colony Club, Inc. v. C & W Underwriters, Inc.,* 852 S.W.2d 86, 91 (Tex.App.—Fort Worth 1993, writ denied). The plaintiffs' liability and uninsured motorist claims were denied, and their causes of action accrued, on May 22, 1990, and June 27, 1990, respectively. The statute of limitations for claims alleging breach of the duty of good faith and fair dealing, violations of the DTPA, and violations of the Insurance Code is two years. *Abe's Colony Club, Inc.,* 852 S.W.2d at 91; *see* TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986); TEX.BUS. & COM. CODE ANN. § 17.565 (Vernon 1987); TEX.INS. CODE ANN. art. 21.21, § 16(d) (Vernon 1981 & Supp.1994). Because Burton did not file suit until April 14, 1994, nearly four years after the causes of action accrued, these claims are time-barred as to her. However, because Kadi is under eighteen years of age, she is considered to be under a legal disability. If a person who is entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.001 (Vernon 1986 & Supp.1994). Therefore, Kadi's claims are not barred by limitations.

**2.** *The Duty of Good Faith and Fair Dealing.*

■ Under Texas law, there is a duty on the part of an insurer to deal fairly and in good faith with an insured in the processing of claims. *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987); *Commonwealth Lloyds Ins. Co. v. Downs,* 853 S.W.2d 104, 118 (Tex.App.—Fort Worth 1993, writ denied). A breach of this common law duty can also serve as the basis for statutory violations under § 17.46 of the DTPA and art. 21.21, § 16 of the Insurance Code. *Dixon v. State Farm Fire & Casualty Co.,* 799 F.Supp. 691, 694 (S.D.Tex.1992); *Allied Gen. Agency, Inc. v. Moody,* 788 S.W.2d 601, 604 (Tex.App.—Dallas 1990, writ denied).

■ A cause of action for breach of the duty of good faith and fair dealing exists when the insurer has no reasonable basis for denying or delaying payment of a claim or when the insurer fails to determine or delays in determining whether there is any reasonable basis for the denial. *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d at 167; *Commonwealth Lloyds Ins. Co. v. Downs,* 853 S.W.2d at 118. In order to sustain such a claim, the insured must establish: (1) the absence of a reasonable basis for denying or delaying payment of the claim; and (2) that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim. *Aranda v. Insurance Co. of N. Am.,* 748 S.W.2d 210, 213 (Tex.1988)); *State Farm Lloyds, Inc. v. Polasek,* 847 S.W.2d 279, 283 (Tex.App.—San Antonio 1992, writ denied). The insured must prove that there were no facts before the insurer which, if believed, would justify denial of the claim. *State Farm Lloyds, Inc. v. Polasek,* 847 S.W.2d at 284. "Insurance carriers maintain the right to deny questionable claims without being subject to liability for an erroneous denial of a claim." *St. Paul Lloyd's Ins. v. Fong Chung Huang,* 808 S.W.2d 524, 526 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (citing *Aranda v. Insurance Co. of N. Am.,* 748 S.W.2d at 213). "A bona fide controversy is a sufficient reason for failure of an insurer to make a prompt payment of a loss claim." *Id.*

■ Here, State Farm denied the plaintiffs' liability claim, in total, and their uninsured motorist claim, in part, based on the family member and family-owned vehicle exclusions contained in the policy. It was not until nearly two years after the denial that the family member exclusion, as applied to liability policies, was held invalid by the Texas Supreme Court as violative of public policy. *See National County Mut. Fire Ins. Co.*

*v. Johnson,* 879 S.W.2d 1, 2 (Tex.1993). Therefore, at the time of the denial, the liability claim was questionable, as there was a bona fide controversy with respect to the enforceability of the exclusion. The uninsured motorist claim was even more tenuous. Thus, in this proceeding, the plaintiffs cannot establish the absence of a reasonable basis for State Farm's denial of their claims in 1990.

### 3. *Article 21.55 of the Insurance Code.*

■ The plaintiffs also argue that State Farm violated art. 21.55 of the Insurance Code by failing to pay the plaintiffs' claim promptly. Article 21.55, however, did not go into effect until September 1, 1991. Section 13.09 of Act 1991, 72nd Legislature, chapter 242 provides:

> Articles 21.55 and 21.56, Insurance Code, as added by this Act, apply to all claims filed with the insurer on and after September 1, 1991. A claim filed before that date is governed by the law that existed at the time the claim was filed and that is continued in effect for that purpose.

Because Burton's and Kadi's liability and uninsured motorist claims were asserted prior to September 1, 1991, their art. 21.55 claim is without legal basis. Moreover, art. 21.55 does not require insurance carriers to pay claims promptly. Rather, it requires carriers to notify claimants promptly in writing of the acceptance or rejection of their claim. The plaintiffs do not allege that State Farm failed to notify them promptly of the rejection of their claims.

Accordingly, the plaintiffs' breach of the duty of good faith and fair dealing, DTPA, and Insurance Code claims fail as a matter of law.

### C. *Negligent and Intentional Misrepresentation.*

The plaintiffs allege that Kurtz, the agent who sold Burton and James the insurance policy, told them that the policy satisfied the minimum liability requirements as specified in the Texas Motor Safety Responsibility Act. They further allege that Kurtz failed to tell either James or Burton that the policy would leave Burton uninsured in the event that she was injured as the result of the negligence of a family member in the use or operation of their vehicle. They also contend that Kurtz was negligent in the manner in which he sold the policy of insurance to Burton on behalf of State Farm. In essence, the plaintiffs claim that Kurtz misrepresented, either intentionally or negligently, the scope of the policy's coverage at the time he sold James and Burton the policy.

### 1. *Vicarious Liability.*

■ The plaintiffs' allegations of misrepresentation relate exclusively to the purported acts and/or omissions of Kurtz. On August 22, 1994, the plaintiffs stipulated to the dismissal of Kurtz from this action. State Farm is not automatically absolved from liability on these claims as a result of the dismissal, however. State Farm can still be held liable for misrepresentations made by Kurtz if he was acting as an agent of State Farm at the time.

> Where an agent is acting for the principal, the principal is liable for the agent's fraud and misrepresentations within the scope of the agency, even though the principal had no knowledge of the fraud or misrepresentation.

*Hedley Feedlot, Inc. v. Weatherly Trust,* 855 S.W.2d 826, 837 (Tex.App.—Amarillo 1993, writ denied); *Campbell v. Hamilton,* 632 S.W.2d 633, 635 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). An insurance company can be held vicariously liable for an agent's misrepresentations if the agent had actual, implied, or apparent authority to make the representations. *Celtic Life Ins. Co. v. Coats,* 885 S.W.2d 96 (1994); *Royal Globe Ins. Co. v. Bar Consultants, Inc.,* 577 S.W.2d 688, 693 (Tex.1979).

### 2. *The Statute of Limitations.*

■ In Texas, a claim of misrepresentation is a claim for debt, and as such, is governed by a four-year statute of limitations. *Williams v. Khalaf,* 802 S.W.2d 651, 656–58 (Tex.1990); *M & M Distrib. v. Dunn,* 819 S.W.2d 639 (Tex.App.—Corpus Christi 1991, no writ); Tex.Civ.Prac. & Rem.Code Ann. § 16.004 (Vernon 1986). Therefore, the

plaintiffs' misrepresentation claims are not time-barred.

### 3. *Misrepresentation of Policy Terms.*

■■■ Under Texas law, an insured has a duty to read the policy of insurance and is bound by its terms. *American Guar. & Liab. Ins. Co. v. Shel–Ray Underwriters,* 844 F.Supp. 325, 332 (S.D.Tex.1993); *Heritage Manor of Blaylock Properties, Inc. v. Petersson,* 677 S.W.2d 689, 691 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Even if an insured does not read the policy, he is still bound by its terms. *Id.* Moreover, absent some specific misrepresentation of the terms of coverage by an insurer, an insured's mistaken belief that he is obtaining coverage under certain contingencies, which are not in fact covered by the policy, is not grounds for a misrepresentation claim. *State Farm County Mut. Ins. Co. v. Moran,* 809 S.W.2d 613 (Tex.App.—Corpus Christi 1991, writ denied); *Employers Casualty Co. v. Fambro,* 694 S.W.2d 449, 452 (Tex.App.—Eastland 1985, writ ref'd n.r.e.).

■■■ The plaintiffs do not allege that State Farm or Kurtz ever assured them that they would be covered for their injuries in the event a family member was negligent in the operation of a covered vehicle. Instead, they allege that Kurtz told them that the policy met the requirements of the Texas Safety Responsibility Act. At the time the policy was issued, it did meet the requirements of the Act. As discussed previously, it was not until two years after State Farm denied the plaintiffs' claims that the family member exclusion was held to be invalid as applied to liability policies. *See National County Mut. Fire Ins. Co. v. Johnson,* 879 S.W.2d at 2–3. Thus, there was no misrepresentation of policy terms. Indeed, the plaintiffs have set forth no specific facts showing any misrepresentations on the part of State Farm or Kurtz. All they have shown is that their claims fell within exclusions to coverage under the policy which, at the time, were valid. *Parkins v. Texas Farmers Ins. Co.,* 645 S.W.2d 775 (Tex.1983).

Consequently, the plaintiffs' negligent and intentional misrepresentation claims are without merit.

### D. *Breach of Contract.*

In their complaint, the plaintiffs allege that State Farm breached the insurance contract. The insurance policy provides, *inter alia,* that State Farm will pay damages for which any covered person becomes legally responsible. The plaintiffs claim that State Farm should have compensated them for their damages because it was James' negligence that caused the accident. The plaintiffs are not making a first-party claim as insureds under the policy, as they make no allegations that State Farm failed to defend or indemnify them for their own negligent acts. Rather, the plaintiffs are asserting a third-party claim seeking compensation for injuries sustained as a result of James' negligence. Instead of suing James, however, the alleged tortfeasor and an insured under the policy, they are suing the insurer directly.

■■■ Under Texas law, direct actions against insurers are not cognizable except under certain limited circumstances. A third-party claimant has no contractual rights under an insurance policy unless the liability of a covered person has been established by judgment or by written agreement with the insurer. *State Farm County Mut. Ins. Co. v. Ollis,* 768 S.W.2d 722, 723 (Tex. 1989); *Great Am. Ins. Co. v. Murray,* 437 S.W.2d 264, 265 (Tex.1969); *Watson v. Allstate Ins. Co.,* 828 S.W.2d 423, 425 (Tex. App.—Fort Worth 1991), *aff'd in part and rev'd in part on other grounds,* 876 S.W.2d 145 (Tex.1994). This limitation is reflected in the language of the policy at issue here, which provides that no legal action may be brought against State Farm unless it agrees in writing that a covered person has an obligation to pay or the amount of that obligation has been determined by judgment after trial.

■■■ The plaintiffs have offered no proof of a written agreement or judgment establishing liability on the part of James. Thus, they do not stand as judgment creditors seeking to enforce the contract of insurance. Moreover, at this juncture, any claim by Burton against James seeking compensation for his negligence is time-barred by the two-year statute of limitations. *See* TEX.CIV.

PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986). Kadi, due to her minority, however, appears still to have a viable claim against James, but he is not a party to this action. In any event, both Burton and Kadi are precluded from bringing a direct action against State Farm for James' negligence.

Therefore, the plaintiffs' contractual claims are without legal basis.

### E. *Uninsured Motorist Coverage.*

#### 1. *The Family–Owned Vehicle Exclusion.*

State Farm asserts that the plaintiffs' uninsured motorist claims fail because the Casey vehicle was not an uninsured motor vehicle as defined by the insurance policy. The policy defines an uninsured motor vehicle as a land motor vehicle or trailer of any type:

1. To which no liability bond or policy applies at the time of the accident,

2. Which is a hit and run vehicle whose operator or owner cannot be identified and which hits:

   a. you or any family member;

   b. a vehicle which you or any family member are occupying; or

   c. your covered auto.

3. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

   a. denies coverage; or

   b. is or becomes insolvent.

4. Which is an underinsured motor vehicle. An underinsured motor vehicle is one to which a liability bond or policy applies but its limit of liability:

   a. is less than the limit of liability for this coverage; or

   b. has been reduced by payment of claims to an amount less than the limit of liability for this coverage.

The policy, however, specifically excludes from the definition of an uninsured motor vehicle any vehicle "[o]wned by or furnished or available for the regular use of you or any family member." State Farm correctly points out that the Casey vehicle falls within this family-owned vehicle exclusion.

The plaintiffs argue, however, that the family-owned vehicle exclusion violates public policy, citing the Texas Safety Responsibility Act and *National County Mut. Fire Ins. Co. v. Johnson,* 879 S.W.2d at 2–3. The Texas Safety Responsibility Act mandates proof of ability to respond in damages for liability on account of accidents arising out of the ownership, maintenance or use of a motor vehicle. Specifically, the Act states:

No motor vehicle may be operated in Texas unless a policy of automobile liability insurance in at least the minimum amounts to provide evidence of financial responsibility under the Act is in effect to insure against potential losses which may arise out of the. operation of the vehicle.

TEX.REV.CIV.STAT.ANN. art. 6701h, § 1A(a) (Vernon 1977 & Supp.1994). *Johnson* holds that family member exclusions in liability policies are void because they restrict Texas' policy of requiring mandatory liability insurance. *National County Mut. Fire Ins. Co. v. Johnson,* 879 S.W.2d at 5. The plaintiffs' reliance on the Texas Responsibility Act and *Johnson* is misplaced, however, in this situation, as neither addresses the controlling statutes and public policy considerations underlying non-mandatory, uninsured motorist coverage and related policy exclusions. Both deal only with liability coverage.

The purpose of uninsured motorist coverage is to protect the insured and his family from the negligence of others, not from his own negligence. *Bergensen v. Hartford Ins. Co.,* 845 S.W.2d 374, 376–77 (Tex.App.— Houston [1st Dist.] 1992, writ denied); *State Farm Mut. Ins. Co. v. Conn,* 842 S.W.2d 350, 354 (Tex.App.—Tyler 1992, writ denied); *Scarborough v. Employers Casualty Co.,* 820 S.W.2d 32, 34 (Tex.App.—Fort Worth 1991, writ denied). In art. 5.06–1 of the Insurance Code, the Texas legislature acknowledged that uninsured motorist coverage need not afford protection in every situation in which a tortfeasor is actually uninsured:

The Board may, in the policy forms adopted under Article 5.06 of this code, define "uninsured motor vehicle" to exclude certain motor vehicles whose operators are in fact uninsured.

TEX.INS.CODE ANN. art. 5.06–1(2)(c) (Vernon Supp.1994); *see Bergensen v. Hartford Ins. Co.,* 845 S.W.2d at 377. Family-owned vehicle exclusions in uninsured motorist policies have been upheld repeatedly by Texas courts. *See Bergensen v. Hartford Ins. Co.,* 845 S.W.2d at 377; *State Farm Mut. Ins. Co. v. Conn,* 842 S.W.2d at 354; *Texas Farm Bureau Mut. Ins. Co. v. Tatum,* 841 S.W.2d 89, 93 (Tex.App.—Tyler 1992, writ denied); *Scarborough v. Employers Cas. Co.,* 820 S.W.2d at 34–35. *Johnson* does not overrule this line of authority.

### 2. *Physical Contact Requirement.*

 Moreover, there was no physical contact between the Casey vehicle and another vehicle. The insurance policy makes it clear that physical contact is required to trigger uninsured motorist coverage. The policy refers to a vehicle which hits the insured's covered auto. This policy requirement consistently has been held to bar coverage in this context. Absent actual physical contact between the claimant's vehicle and an uninsured vehicle, no action for uninsured motorist benefits exists. *Mayer v. State Farm Mut. Auto. Ins. Co.,* 870 S.W.2d 623, 625 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Williams v. Allstate Ins. Co.,* 849 S.W.2d 859, 860–61 (Tex.App.—Beaumont 1993, no writ); *Goen v. Trinity Universal Ins. Co.,* 715 S.W.2d 124, 125 (Tex.App.—Texarkana 1986, no writ); TEX.INS.CODE ANN. art. 5.06–1(2)(d) (Vernon 1981 & Supp.1994). Therefore, because this was a single-vehicle accident and there was no additional vehicle involved which made contact, either directly or indirectly, with the automobile being driven by James, uninsured motorist benefits under the Caseys' policy simply are not available. James was neither an uninsured motorist nor was his vehicle hit by an uninsured motorist.

Thus, due to the family-owned vehicle exclusion and the lack of physical contact with another vehicle, the plaintiffs' claims for uninsured motorist benefits fail as a matter of law.

### IV. *Conclusion.*

The plaintiffs have failed to adduce sufficient facts to establish a claim for breach of the duty of good faith and fair dealing, deceptive trade practices, or violations of the Insurance Code. Moreover, Burton's claims alleging these causes of action are time-barred. The plaintiffs, likewise, have set forth no facts supporting their claims for negligent and intentional misrepresentation. Because they have not obtained a judgment against James or a written agreement from State Farm, the plaintiffs are precluded from bringing a direct action against State Farm for breach of contract. Their uninsured motorist claims are similarly without merit, as they are barred by the family-owned vehicle exclusion and the physical contact requirements of the uninsured motorist policy.

Thus, there are no outstanding issues of material fact with respect to the plaintiffs' claims, and State Farm is entitled to judgment as a matter of law. Accordingly, State Farm's motions for summary judgment are **GRANTED.**

**IT IS SO ORDERED.**