UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50841
Summary Calendar
_____


ANITA SANCHEZ,

                              Plaintiff - Appellant,

                    versus

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

                              Defendant - Appellee.

_____

Appeal from the United States District Court for the
Western District of Texas
(94-CV-881)
_____

April 30, 1996

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

     In this case for wrongful delay or denial of worker's compensation benefits, Anita Sanchez appeals from a summary judgment granted in favor of the insurer on limitations grounds. We affirm.

     Sanchez was injured on May 13, 1990. Liberty Mutual Life Insurance Company denied payment of worker's compensation benefits on August 23, 1990. Sanchez appealed and ultimately settled with

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Liberty Mutual. On August 30, 1994, over four years after the initial denial of coverage, Sanchez sued Liberty Mutual alleging: 1) breach of good faith and fair dealing, 2) negligence, 3) gross negligence, 4) intentional infliction of emotional distress, 5) violations of the Texas Insurance Code, and 6) violations of the Texas Deceptive Trade Practices Act. The district court granted summary judgment to Liberty Mutual because all claims were barred by the statute of limitations.

We review a summary judgment under well-established standards. Blakeney v. Lomas Info. Sys., Inc., 65 F.3d 482, 484 (5th Cir. 1995); see Sterling Property Management, Inc. v. Texas Commerce Bank, Nat'l Ass'n, 32 F.3d 964, 966 (5th Cir. 1994). We affirm for the following reasons:

1. The good faith and fair dealing claim is controlled by a two-year statute of limitations. Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 827 (Tex. 1990). Limitations on this claim began to run when Liberty Mutual denied coverage. See id. at 828; Davis v. Aetna Casualty & Sur. Co., 843 S.W.2d 777, 778 (Tex. App.—Texarkana 1992, no writ); see also Burton v. State Farm Mut. Auto. Ins. Co., 869 F. Supp. 480, 484 (S.D. Tex. 1994), aff'd, 66 F.3d 319 (5th Cir. 1995). The claim is thus time-barred.

2. Similarly, the negligence, gross negligence, and intentional infliction of emotional distress claims are governed by a two-year limitations period. Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 1986). These claims accrued when Sanchez was allegedly injured. Robinson v. Weaver, 550 S.W.2d 18, 19 (Tex. 1977). This occurred when Liberty Mutual denied coverage. Hence,

2

these tort claims are time-barred.

3.   The statutory claims under the Insurance Code and Deceptive Trade Practices Act are governed by a two-year limitations period.  <u>Burton</u>, 869 F. Supp. at 484.  These claims accrued on denial of coverage and are time-barred.  <u>See</u> <u>id.</u>; <u>Abe's Colony Club v. C & W Underwriters, Inc.</u>, 852 S.W.2d 86, 91 (Tex. App.—Fort Worth 1993, writ denied).

AFFIRMED.