**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-50539
_____


DEE MARCUS BREWER,

Plaintiff-Appellant,

VERSUS


UNUM LIFE INSURANCE COMPANY OF AMERICA, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-94-CV-488)
_____

July 12, 1996

Before JONES, SMITH, and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


In this coverage dispute between Dee Marcus Brewer ("Brewer")
and UNUM Life Insurance Company of America ("UNUM"), Brewer claims
that he is entitled to recover over $72,000 in benefits under a
group life insurance policy issued by UNUM.  The district court
granted summary judgment for UNUM on Brewer's breach of contract,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIR. R. 47.5.4.

breach of duty of good faith and fair dealing, and fraud claims and granted UNUM's motion for judgment as a matter of law ("j.m.l.") on Brewer's misrepresentation claims. We reverse in part for want of jurisdiction, vacate in part, and remand.

I.

In July 1993, UNUM submitted a proposal to the Eanes Independent School District ("EISD") for group life, accidental death and dismemberment ("AD&D"), and disability insurance coverage. EISD requested basic term life insurance of $5,000 for each of its employees, with supplemental term life coverage of one times the employee's salary, to be paid for by the employee. UNUM's proposal provided basic coverage of $10,000 and supplemental coverage of two times the employee's salary. The EISD board of trustees selected UNUM as its group life, AD&D and disability insurance carrier on September 8, 1993. The policy was to be effective November 1, 1993.

June Brewer ("June") worked in the tax department of EISD *and* was a full-time employee, eligible for teacher retirement at the time of her death from cancer. Starting on July 31, 1993, she took advantage of her accumulated sick leave. On October 4, 1993, she signed enrollment forms and elected to purchase supplemental life insurance coverage from UNUM. A premium for supplemental coverage was deducted from her paycheck on October 22, 1993. On November

2

15, 1993, she died of cancer.

UNUM denied both basic and supplemental coverage to June's beneficiaries because she was not an active employee under the terms of the insurance policy.  UNUM relied on the "Effective Date" provision of the policy, which states,

> The effective date of any initial . . . or additional insurance will be delayed for a person if he is not in active employment because of an injury, a sickness, a temporary layoff or a leave of absence on the date that insurance would otherwise be effective.  The initial . . . or additional insurance will start on the date that person returns to active employment.

The policy defines "active employment" to require that the employee be working "for the employer on a permanent full-time basis and paid regular earnings" and working at least thirty hours per week at the employer's place of business or location to which the employer's business requires the employee to travel.

On June 8, 1994, Brewer sued UNUM and two of its employees, Kori Ann Peel and Stephanie A. Caraway, in state court.  The petition[1] alleged breach of contract, violations of the Texas Deceptive Trade Practice Act and TEX. INS. CODE art. 21.21, breach of the duty of good faith and fair dealing, and fraud.

UNUM removed the case to federal court, on July 13, 1994, based upon the existence of a federal question and diversity.  UNUM alleged the existence of federal question jurisdiction based upon the fact that at least one of Brewer's state law claims depended

---

[1] In federal court, a petition is referred to as a complaint.

upon the correct application of the Employee Retirement Income Security Act of 1974 ("ERISA"). Diversity jurisdiction was premised on the theory that the resident defendants (Peel and Caraway) were fraudulently joined.

On September 8, 1994, the district court entered an order finding no federal question jurisdiction. Finding fraudulent joinder, the court dismissed the resident defendants and retained jurisdiction under 28 U.S.C. § 1332.

The district court granted UNUM's motion for summary judgment with respect to Brewer's breach of contract, breach of duty of good faith and fair dealing, and fraud claims. Following presentation of the plaintiff's case in chief, the court granted UNUM's motion for j.m.l. on Brewer's misrepresentation claims. The court entered a take nothing judgment in favor of UNUM and the resident defendants.

## II.

Brewer argues that the district court erred in determining that Peel and Caraway were fraudulently joined. In order to establish that a resident defendant has been fraudulently joined, "the removing party must show . . . that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *East Texas Mack Sales, Inc. v. Northwest Acceptance Corp.*, 819 F.2d 116, 119 (5th

4

Cir. 1987) (citation omitted). The district court must evaluate all factual allegations and uncertainties as to the current state of controlling law in favor of the plaintiff. *Id*. "[I]f there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A Dec. 1981).

In removal cases, jurisdiction is determined by examining the petition at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259-60 (5th Cir. 1995). "While we have frequently cautioned the district courts against pretrying a case to determine removal jurisdiction, we have also endorsed a summary judgment-like procedure for disposing of fraudulent joinder claims." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817 (1990).

The defendants concede that the district court did not pierce the pleadings and consider summary judgment-type evidence, thereby limiting this court's inquiry to the pleadings. In order to find fraudulent joinder, we must determine, assuming all the facts set forth by the plaintiff are true, that there can be no recovery as a matter of law. *B., Inc.*, 663 F.2d at 551.

5

The first step in determining whether a party has been fraudulently joined is determining the relevant state law. Brewer believes he has two viable claims against Peel and Caraway. The first cause of action is based on Peel and Caraway's alleged misrepresentations to EISD and June Brewer; the second is premised on alleged omissions by Peel and Caraway.

There was, at the time of removal, at least a possibility under Texas law that a state court would find a cause of action against an agent of an insurance company for misrepresentations made in the course of his agency. A number of courts have recognized a cause of action against an insurance agent for misrepresentations, implicitly overruling *Hodges v. Casey*, 646 S.W.2d 175 (Tex. 1983). See *Light v. Wilson*, 663 S.W.2d 813, 815 (Tex. 1983) (Spears, J., concurring); *State Farm Fire & Casualty Co. v. Gros*, 818 S.W.2d 908, 913 (Tex. App.SSAustin 1991, no writ); *East Texas Mack*, 819 F.2d at 119. Even if *Hodges* is still good law, the uncertainty in the law created by *Light* and subsequent cases should be resolved in favor of the plaintiff for purposes of determining fraudulent joinder. *East Texas Mack*, 819 F.2d at 119.

Taking the factual allegations of the petition to be true, Brewer has stated a cause of action for misrepresentation. Brewer consistently alleges that UNUM, Peel, and Caraway made material misrepresentations to EISD and June. The petition contains allegations that UNUM, Peel, and Caraway affirmatively represented

6

that "all employees who were eligible to participate in EISD's previous life insurance plan could participate in the UNUM plan," "that persons who had previously participated in EISD's employee benefit plans would not be subject to a 'waiting period' before becoming eligible to participate in the plan," and "that UNUM would provide EISD with 'readable' certificates of insurance which would clearly communicate to EISD's employees the most important terms and conditions of UNUM's life insurance plan." Each of these allegations, when taken as true, could provide inferences that Peel and Caraway misrepresented the policy coverage to EISD and June. *See Burton v. State Farm Mut. Auto. Ins. Co.*, 869 F. Supp. 480, 486 (S.D. Tex. 1994) (opining that misrepresenting policy coverage states a cause of action under Texas law), *aff'd*, 66 F.3d 319 (5th Cir. 1995).

UNUM asserts an alternative ground for affirming the district court: that federal question jurisdiction exists because the state law claim turns on a construction of ERISA. A determination that federal question jurisdiction exists depends upon the allegations of the well-pleaded complaint. *Louisville & N.R.R. v. Mottley*, 211 U.S. 149 (1908). Under § 1331, a suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12 (1983); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

7

UNUM has failed to demonstrate federal question jurisdiction. When UNUM pressed its claim, it did not argue that ERISA preempts the cause of action but expressly disavowed preemption as a basis for jurisdiction. UNUM's argument was that federal law constituted a substantial portion of the claim because the misrepresentation claim relies on the assertion that UNUM's policy and certificate did not conform, as promised, to the requirements of ERISA.

UNUM's case for jurisdiction is analogous to the one rejected in *Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir. 1988), *aff'd*, 503 U.S. 131 (1992). The plaintiff in *Willy* filed a state law wrongful discharge claim alleging that he was fired for refusing to violate federal and state law on behalf of his employer. The federal statute provided a private cause of action but did not preempt the state law claim. The defendant removed, and the district court found that a federal question was presented on the face of the petition.

The *Willy* court reversed. The court identified three cases where federal question jurisdiction could exist. The first is where federal law creates the cause of action. *Id*. at 1167. The second is where the state law claim is completely preempted by federal law. *Id*. at 1165. The third is where a feature of the plaintiff's claim raises a substantial issue of federal law. *Id*. at 1168. The court noted that this ground for federal jurisdiction is limited by the requirement that the federal law provide a

8

private remedy before it can be a basis for federal jurisdiction. *Id.* at 1168 (*citing Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986)).

Turning to the complaint, the *Willy* court noted that despite the fact that the state law claim depended on the application of a federal statute, federal question jurisdiction was lacking. Assuming *arguendo* that the existence of a federal remedy in the statute met the requirements of *Merrell Dow*, the court found that the federal element was not substantial enough to confer federal question jurisdiction. *Willy*, 855 F.2d at 1169. The court based its decision on the fact that the state law claim was based on more than one theory, and the federal statute was implicated in only one of the theories. *Id.* at 1170-71 (*citing Christianson v. Cold Indus. Operating Corp.*, 486 U.S. 800 (1988)).

The petition in this case suffers from the same defect as did the complaint in *Wiley*. The causes of action in the petition are not based upon a cause of action created by federal law, and the defendant has disavowed any preemption argument. With regard to the third ground for federal jurisdiction, the federal element of Brewer's cause of action is not substantial. The misrepresentation claim is based upon a number of theories, only one of which implicates ERISA. *Willy*, 855 F.2d at 1170-71. Even the ERISA issues are not at the forefront of that one theory; the claim is in essence one under state law. *Id.* at 1171.

III.

Brewer asks, in the event of a remand, that we award costs and attorneys' fees under 28 U.S.C. § 1447(c) (1995).[2]  We leave consideration of the issue to the district court.  *See Carpenter,* 44 F.3d at 372 n.14 ("The decision whether to allow the recovery of costs is committed to the discretion of the district court upon its order to remand the case to state court.  Because the district court has evidently not yet addressed this issue, we prefer to leave it for consideration by the district court in the first instance on remand.") (citation omitted).  The district court is in a better position to determine whether fees and costs should be awarded.  *Id.; Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993) (discussing the standards to be applied in determining whether to award costs and fees).  An important factor is the defendants' decision to remove.  *Id.* at 928.  Here, Brewer has not developed a theory as to why it was improper for the defendants to remove.  Absent such arguments, this court is not in a position to determine whether fees should be awarded.

For the foregoing reasons, the judgment is REVERSED in part, VACATED in part, and REMANDED for consideration of attorneys' fees

---

[2]  28 U.S.C. § 1447(c) provides in pertinent part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

and costs under 28 U.S.C. § 1447(c).