NO. 07-05-0066-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 2, 2005


______________________________



MARCEL DOMINIQUE MCARTHUR, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 27TH DISTRICT COURT OF BELL COUNTY;



NO. 53413; HONORABLE MARTHA J. TRUDO, JUDGE


_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Marcel Dominique McArthur appeals from an adjudication of guilt for the
offense of aggravated assault with a deadly weapon and punishment of confinement for 20
years. We affirm. 

 Appellant was charged by indictment with the offense of aggravated assault with a
deadly weapon. Pursuant to a plea agreement with the State, appellant waived trial by jury
and entered a plea of guilty. The trial court accepted the plea of guilty, found that the
evidence substantiated appellant's guilt, followed the plea agreement and, on March 19,
2003, deferred adjudication of appellant and placed appellant on community supervision
for 10 years. Appellant did not appeal from the proceedings. 

 On September 9, 2004, the State filed a Motion to Proceed With Adjudication of Guilt
on Original Charge. A hearing on the motion was conducted on November 17, 2004.
Appellant pled true to allegations contained in paragraphs C through L of the motion. 
Appellant pled not true to the allegations in paragraphs A and B of the motion, but the trial
court found those allegations to be true. Following a separate punishment hearing, the
court sentenced appellant to confinement in the Institutional Division of the Texas
Department of Criminal Justice for 20 years. 

 Appellant's appointed appellate counsel has filed a Motion to Withdraw and a Brief
in Support thereof. In support of the motion, counsel has certified that, in compliance with
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the
record has been diligently reviewed. Counsel has concluded the record reflects no
reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. 
Counsel thus concludes that the appeal is frivolous. 

 In reaching the conclusion that the appeal is frivolous, counsel identifies one
possible issue. That issue is the denial of appellant's right of confrontation and cross-examination by the admission of an out-of-court testimonial statement of a co-actor. 
However, after referencing, analyzing and discussing the trial record, counsel has
discussed why, under the controlling authorities, there is no arguably reversible error in the
trial court's judgment. See High v. State, 573 S.W 2d 807, 813 (Tex.Crim.App. 1978).
Counsel's brief demonstrates a conscientious review of the entire record and analysis of
the legal issues involved in a potential appeal.

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of his right to review the record and file a response to counsel's motion and brief. 
Appellant has not filed a response.

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 82-83,
109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App. 1991). We have found no such grounds. We agree that the appeal is
frivolous.

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed.


 Mackey K. Hancock

 Justice




 


Do not publish. 



or Young, and (3) Young was a creditor beneficiary of the Barneses. 
The trial court denied Hartford's motion for summary judgment and granted Young's
motion. Before we commence our review of the issues presented, we first set out the
appropriate standard of review. 

Summary Judgment Standard


of Review



 For a party to prevail on a traditional motion for summary judgment, he must
conclusively establish the absence of any genuine question of material fact and that he is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). This requirement dictates
that when the defendant is the movant, he must conclusively negate at least one of the
essential elements of the plaintiff's cause of action. Likewise, a defendant who
conclusively establishes each element of an affirmative defense is entitled to summary
judgment. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). 
In Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), the Court
set out the standard by which we are to review a summary judgment: 

 1. The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law.

 2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true.

 3. Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor.


Once the movant has established a right to summary judgment, the non-movant has the
burden to respond to the motion and present to the trial court any issues that would
preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 
671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston
[1st Dist.] 1996, writ denied). Issues which the non-movant contends preclude the granting
of a summary judgment must be expressly presented to the trial court by written answer
or other written response to the motion and not by mere reference to summary judgment
evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). 
Issues not expressly presented to the trial court in writing shall not be considered on
appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support
of or in opposition to a motion for summary judgment must be presented in writing to the
trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). 

 Where, as here, both sides move for summary judgment and the trial court grants
one motion and denies the other, on appeal, we review the summary judgment evidence
of both sides and determine all questions presented, and render judgment the trial court
should have rendered. Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999). 
Greg Lair, Inc. v. Spring, 23 S.W.3d 443, 446 (Tex.App.--Amarillo 2000, pet. denied). We
first consider Hartford's first and second issues by which it contends the trial court erred in
granting Young's motion for summary judgment and in denying its motion. These two
issues include all relevant sub-issues raised as grounds for the motions for summary
judgment. Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). 

 In Duval County Ranch Col. v. Alamo Lumber Co., 663 S.W.2d 627, 632
(Tex.App.-Amarillo 1983, writ ref'd n.r.e.), we noted

 [t]he rule is established in this state that a fire insurance policy is a personal
contract between the insurer and the insured named in the policy and a
stranger to the policy may not ordinarily maintain a suit on it.


See also St. Paul Lloyd's Ins. v. Fong Chun Huang, 808 S.W.2d 524, 527 (Tex.App.--Houston [14th Dist.] 1991, writ denied). The policy in the underlying proceeding is a
personal contract as distinguished from a contract to provide property insurance. See
Cumis Ins. Soc., Inc. v. Republic Nat. Bank of Dallas, 480 S.W.2d 762, 765 (Tex.Civ.App.--Dallas 1972, writ ref'd n.r.e.). Although Young conceded that she was not designated as
an insured under the policy, she nevertheless claimed that she was entitled to recover from
Hartford under constructive trust or creditor beneficiary theories because she also had an
insurable interest in the property. We disagree.

 The law presumes that a written agreement correctly embodies the parties' intentions
and is an accurate expression of the agreement of the parties. Estes v. Republic National
Bank of Dallas, 462 S.W.2d 273, 275 (Tex. 1970); Fong Chun Huang, 808 S.W.2d at 527.
Neither the lease/purchase agreement nor the insurance policy support Young's claims. 
Moreover, because Young was a "stranger" to the policy she could not maintain a suit
thereon. Duval County Ranch, 663 S.W.2d at 632. 

 Paragraph 15 of the lease/purchase agreement expressly allocated the responsibility
of each party to maintain insurance as each deemed appropriate to insure their interest and
did not impose any duty on the Barneses to provide insurance for Young's benefit. Further,
paragraph 18 entitled "Fire or Casualty Damage" did not obligate the Barneses to restore
or repair the property in case of fire or other casualty. 

 Citing Sever v. Massachusetts Mut. Life Ins. Co., 944 S.W.2d 486 (Tex.App.--Amarillo 1997, writ denied), Young contends the trial court properly granted her motion on
constructive trust grounds; however, her reliance on that case is misplaced. In Sever, the
insurance company tendered into court the proceeds of a life insurance policy, not a fire
insurance policy. Id. at 488. Following a divorce, conflicting claims to the policy proceeds
were asserted by a minor child, through her mother and guardian ad litem implicating
section 3.632 of the Texas Family Code. Id. at 489-90. The constructive trust imposed in
Sever was the result of the application of section 3.632, which does not apply to the
underlying proceeding. Moreover, Young did not allege any wrong or breach of legal duty
by the Barneses to support the imposition of a constructive trust. More importantly
however, there is neither allegation nor summary judgment evidence that Hartford did
business with or had any contacts with Young in order to support a claim of wrongful or
unjust conduct sufficient to support the imposition of a constructive trust. See First Nat.
Bank of Amarillo v. Bauert, 622 S.W.2d 464, 466 (Tex.App.--Amarillo 1981, no writ).

 Similarly, Young's creditor beneficiary theory urged below, although not briefed on
appeal, does not support the judgment against Hartford. Although paragraph 19 of the
conditions of the insurance policy entitled "Mortgage Clause" provides for payment of
losses to a mortgagee, the policy designates Nationsbanc Mortgage Corporation as such. 
Further, paragraph 22 of the conditions of the policy provides: 

 [a]ssignment of this policy will not be valid unless we give our written consent.


This limitation of assignment also appears at the bottom of the first page of the Hartford
policy. There being no summary judgment evidence of a request for assignment of the
policy, and because the policy designated Nationsbanc as the mortgagee, Young's creditor
beneficiary theory does not support summary judgment. Hartford's first and second issues
are sustained.

 Having sustained Hartford's issues, the judgment of the trial court is reversed and
we hereby render the judgment the trial court should have rendered. (2) Accordingly,
Hartford's motion for summary judgment is granted. It is further ordered that all relief
sought by Myrtle Young against Automobile Insurance Company of Hartford, Connecticut
be denied and that she take and recover nothing against Hartford.


 Don H. Reavis

 Justice

 


Publish.
1. The judgment recites that Roger A. Barnes appeared, but that Bridgette Barnes
"failed to appear and answer and wholly made default."
2. When the trial court grants one party's motion and denies the other, the non-prevailing party can appeal both the summary judgment rendered against it and the denial
of its own motion. Holmes v. Morales, 924 S.W.2d 920, 922 (Tex. 1996). We may reverse
and render judgment on the non-prevailing party's motion. Id.