**Jessie PLATTENBURG,**
**Plaintiff–Appellant,**

v.

**ALLSTATE INSURANCE COMPANY,**
**Defendant–Appellee.**

No. 90–2261

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1990.

Maryam Jamilah, Houston, Tex., for plaintiff-appellant.

Michael Kuhn, Bracewell & Patterson, Houston, Tex., for defendant-appellee.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Plaintiff-appellant Jessie Plattenburg sued the Allstate Insurance Company in the district court of Harris County, Texas, on various state-law claims arising out of an automobile accident between herself and a third party. Alleging diversity of citizenship, Allstate removed the case to the United States District Court for the Southern District of Texas, where Plattenburg filed an amended complaint asserting breach of the duty of good faith and fair dealing and negligent claim handling. Allstate filed a motion to dismiss and, at the request of the district court, a motion for summary judg-

ment. After a hearing, the court granted the motion for summary judgment and entered a final judgment that Plattenburg take nothing from Allstate. We affirm. In addition, we assess $500.00 against Plattenburg's attorney, Maryam Jamilah, for unreasonably and vexatiously multiplying these proceedings by pursuing a frivolous appeal.

## SUMMARY JUDGMENT

On December 3, 1987, Plattenburg was driving an automobile owned by her adult daughter and insured by Allstate. As Plattenburg was backing up onto a public street, the car was struck in the rear by a car driven by Mary Kelley, an uninsured motorist. Plattenburg filed a claim with Allstate for benefits under her daughter's insurance policy. In February 1988, Allstate paid Plattenburg $5,000—the limit under the Personal Injury Protection coverage portion of the insurance policy, which does not depend on fault. Based on its own investigation, Allstate determined that Plattenburg caused the accident, and therefore it denied Plattenburg's claim for uninsured motorist benefits, which are paid only in the absence of fault on the claimant's part. In addition, Allstate paid $342.99 to Mary Kelley for the damage to her car caused by the collision with Plattenburg.

Plattenburg did not sue under the insurance contract to recover benefits from Allstate. Instead, she asserted that Allstate breached its duty of good faith and fair dealing when it refused to pay her claim for uninsured motorists' benefits. Under the common law of Texas, insurers have this duty, and they breach it if "there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay." *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987); *see also Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex.1988). Allstate's motion for summary judgment showed that it relied on the following to determine that Plattenburg caused the

automobile accident: the police officer's accident report, the admissions of Plattenburg as recorded in the report and in a subsequent interview, the recorded statements of Mary Kelley, and the citation issued to Plattenburg at the scene of the accident. If there was "no genuine issue" as to whether these materials gave Allstate a reasonable basis for denying Plattenburg's claim, Allstate was "entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c).

We agree with the district court that no genuine issue existed. The Peace Officer's Accident Report reflects the investigator's opinion that Plattenburg's car "back[ed] from a private driveway into" Mary Kelley's car. The report records Plattenburg as stating, "I was backing out of a driveway ... and I didn't see the other car while I was backing and I hit it." In a recorded conversation in the presence of her attorney, Plattenburg stated to an Allstate employee: "I looked back and I didn't see anyone so I proceeded to back out into the street ... and by the time I got to the middle of the street there was a bang...." After the accident, according to Plattenburg, "I got out and she looked at her car and I looked [at my] car and she said I backed into her and I told her I never saw her." Mary Kelley's statements were consistent with this account. Finally, Plattenburg was issued a citation for "back[ing] not in safety," apparently for violating Tex.Rev.Civ.Stat.Ann. art. 6701d, § 92 (Vernon 1977), which requires drivers "upon entering the roadway [to] yield the right-of-way to all vehicles approaching on said roadway."

These facts do not necessarily establish to a legal certainty that Plattenburg was at fault in the accident. Thus, it is possible that summary judgment on such evidence would not be appropriate in an ordinary automobile negligence case. In this case, however, Allstate need only show that it had a *reasonable basis* for *believing* that Plattenburg was at fault, a much lower standard. The material attached to Plattenburg's response to the summary judgment motion consisted only of her own

affidavit and a copy of a default judgment entered in favor of Plattenburg in her separate action against Mary Kelley in state district court. We find that this "fails to make a showing sufficient to establish the existence of an element essential to [Plattenburg's] case," such that her case can survive a motion for summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The district court properly granted summary judgment on Plattenburg's claim of breach of the duty of good faith and fair dealing.

The claim of negligent insurance claim handling fares no better. Although Plattenburg cites no authority outlining the duty owed by insurers under this rubric, it is reasonable to assume that an insurance company has a duty to investigate claims of insurance coverage in a reasonable manner. In our judgment, a finding that an insurer had a reasonable basis to deny a claim constitutes a finding that the insurer reasonably investigated the claim. Thus, the district court properly granted summary judgment on this cause of action as well.

### FRIVOLOUS APPEAL

■ Allstate asks us to award it costs and fees pursuant to 28 U.S.C. § 1927, which provides: "Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." After reviewing the record, we conclude that Plattenburg's attorney, Maryam Jamilah, has unreasonably multiplied the proceedings in this case. She has pursued an appeal in a case that has little basis in fact. She has filed a brief that sketches not even the barest outlines of the legal theories under which Plattenburg seeks to recover—that is, a brief that cites no relevant Texas cases. She has filed a brief devoted almost entirely to discussing summary judgment with respect to ordinary automobile negligence, a non-issue in this case. This brief also fails to make even one citation to the record where rele-

vant, as required by Fifth Circuit Rule 28.2.3. In sum, disposing of this appeal has vexatiously consumed our time and Allstate's money. A sanction of $500.00, payable to Allstate, will serve as a warning to Jamilah and other counsel to choose wisely what appeals they will bring to this court.

For the foregoing reasons, we affirm the judgment of the district court and impose on Plattenburg's counsel, Maryam Jamilah, liability for excessive costs in the amount of $500.00 to be awarded to Allstate.

AFFIRMED as Modified to Include Sanction Award.