**Elsie Faye DIXON, Plaintiff,**

**v.**

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant.**

**Civ. A. No. H–88–2313.**

United States District Court,
S.D. Texas,
Houston Division.

June 3, 1992.

James Plummer, Plummer & Associates, P.C., Houston, Tex., for plaintiff.

Joseph F. Nistico, Stephen P. Pate, Fulbright & Jaworski, Houston, Tex., for defendant.

## MEMORANDUM

HARMON, District Judge.

Pending before the Court is the Motion for Partial Summary Judgment (Instrument No. 36) submitted by the Defendant State Farm Fire and Casualty Company ("State Farm"). Having considered the motion, the lack of a response, plaintiff's representation to the Court at docket call that the motion is unopposed, and the applicable law, the Court is of the opinion that the motion should be granted.

## I. STATEMENT OF FACTS

Plaintiff brings this action in order to recover contractual damages and damages for breach of the common law duty of good faith and fair dealing arising from the manner in which her claim for insurance proceeds was handled and resolved by State Farm.

This action was commenced on May 11, 1988, in the 11th Judicial District Court of Harris County, Texas. On July 6, 1988, State Farm timely removed the action, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Rule 56(c) provides that "[summary] judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party has the burden of showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Adams,* 836 F.2d 958, 960 (5th Cir.1988). The burden is not on the movant to produce evidence showing the absence of a genuine issue of material fact. *See International Ass'n of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.,* 812 F.2d 219, 222 (5th Cir.1987). A defendant who moves for summary judgment may rely on the absence of evidence to support an essential element of the plaintiff's case *Id.*

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *See Celotex,* 477 U.S. at 324–25, 106 S.Ct. at 2553–54. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Assertions unsupported by facts are insufficient to oppose a motion for summary judgment. *Williams v. Weber Management Serv.,* 839 F.2d 1039, 1041 (5th Cir.1987). There must be evidence giving rise to reasonable inferences that support the nonmoving party's position. *St. Amant v. Benoit,* 806 F.2d 1294, 1297 (5th Cir.1987). Bare or mere allegations are insufficient. *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 79 (5th Cir.1987).

In considering a motion for summary judgment, the district court must view the evidence through the prism of the

substantive evidentiary burden. *Anderson*, 477 U.S. at 254, 106 S.Ct. at 2513. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* at 254, 106 S.Ct. at 2513. The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir.1987).

### B. THE APPLICABLE LAW

■ Under Texas law, insurance policies are to be liberally construed in favor of the insured; any uncertain language is to be interpreted to avoid forfeiture or diminution of a policy's benefits. *Travelers Indem. Co. of Rhode Island v. Lucas*, 678 S.W.2d 732 (Tex.App.—Texarkana 1989, no writ).

■ An insurance company may violate its common law duty of good faith and fair dealing by failing to pay a claim promptly when liability becomes reasonably clear. *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 135 (Tex. 1988); *Aranda v. Ins. Co. of North America*, 748 S.W.2d 210, 212–13 (Tex.1988). A cause of action for breach of that duty exists where there is no reasonable basis for a denial of a claim or when the insurer fails to determine or delays in a determination of whether there is any reasonable basis for a denial of the claim. *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987), *modified on other grounds Murry v. San Jacinto Agency*, 800 S.W.2d 826, 829 (Tex.1990) (limitations holding modified). In order to sustain a claim for breach of good faith, the insured must establish (1) the absence of a reasonable basis for denying or delaying payment of the claim and (2) that the insurer knew, or should have known, that there existed no reasonable basis for deny-

ing or delaying payment of the claim. *Aranda v. Ins. Co. of North America*, 748 S.W.2d at 213.

■ Violations of a duty of good faith and fair dealing may also constitute a violation of § 17.46 of the Texas Deceptive Trade Practices Act and article 21.21, § 16 of the Texas Insurance Code. *Vail*, 754 S.W.2d at 131–35, 147; *Allied General Agency, Inc. v. Moody*, 788 S.W.2d 601, 604 (Tex.App.—Dallas 1990, writ denied).

■ In order to determine what inferences can be drawn from a delay and refusal to pay, the Court must look at the circumstances that surround the matter. A failure to pay after sufficient time for an investigation has taken place can only be evidence of malice or gross negligence if the failure is arbitrary and capricious. However, if a genuine controversy existed, "this will suffice as a reason for the failure of the insurer to make prompt payment." *Nat'l Union Fire Ins. Co. v. Hudson Energy*, 780 S.W.2d 417, 426 (Tex.App.—Texarkana 1989) (citing *McCauley v. Boston Old Colony Ins. Co.*, 149 Ga.App. 706, 256 S.E.2d 19 (1979)), *aff'd* 811 S.W.2d 552 (Tex.1991).

■ In *Plattenburg v. Allstate Ins. Co.*, 918 F.2d 562 (5th Cir.1990) (Jones, J.), the Fifth Circuit acknowledged that in order to defend an action for breach of good faith and fair dealing an insurer "need only show that it had a *reasonable basis* for *believing* that the [insured] was at fault...." *Id.* at 563 (emphasis in original). The Court remarked that while the facts in that case did not establish fault to a legal certainty, the insurer could prevail by demonstrating it had a reasonable basis for attributing fault to the insured as this is a "much lower standard." *Id.* See also *St. Paul Guardian Ins. Co. v. Luker*, 801 S.W.2d 614, 622–23 (Tex.App.—Texarkana 1990, no writ). By presenting uncontroverted evidence that a reasonable basis for denying a claim exists the insurer establishes fulfillment of its duty of good faith and fair dealing. *See St. Paul Lloyds Ins. Co. v. Fong Chun Huang*, 808 S.W.2d 524, 526 (Tex.App.—Houston [14th Dist.] 1991,

error denied) (stipulation that arson occurred and investigators findings supported reasonable basis for a denial of a claim).

State Farm's motion for summary judgment demonstrated that it relied on the following to determine that there was a reasonable basis for denying the insurance claim: recorded statements of plaintiff and admissions made in a subsequent interview, laboratory findings demonstrating the existence of flammable liquids, a fire scene examination concluded that the fire was the result of an incendiary act with the burn pattern denoting deliberateness, and a committee report establishing motive and opportunity. Defendant's Motion for Summary Judgment Ex. 1 at pp. 46, 49, 58, and 60, Ex. 6, Ex. 5 at pp. 4–6, and Ex. 4 at pp. 5–8.

These materials gave State Farm a reasonable basis for believing Dixon had committed fraud. *Plattenburg v. Allstate Ins. Co.*, 918 F.2d at 563. Plaintiff cannot recover for Breach of good faith and fair dealing. The grant of summary judgment is proper on this point.

Additionally, State Farm's opinions were confirmed by Kelly Sue Arcand, an occupant of the house the night of the fire, who later testified at a deposition that she heard Dixon state that she had paid to have the fire set. Defendant's Motion for Summary Judgment Ex. 3 at pp. 31–33.

## III.  CONCLUSION

This Court concludes, for the reasons set forth above, that the Defendant's Unopposed Motion for Partial Summary Judgment should be granted.