**STANDARD FIRE INSURANCE COMPANY, Plaintiff,**

v.

**Ernest Wolfgang ROMINGER, Defendant.**

Civ. A. No. H–92–436.

United States District Court, S.D. Texas, Houston Division.

April 29, 1993.

Kathleen Crouch, Robert W. Carter, Jr., Fulbright & Jaworski, L.L.P., Houston, TX, for Standard Fire Ins. Co.

Robert C. Walsh, Humble, TX, for Ernest Wolfgang Rominger.

### MEMORANDUM AND ORDER

ROSENTHAL, District Judge.

### 1. Factual Background

On December 17, 1989, a fire destroyed Ernest Rominger's ("Rominger's") house in Houston. Rominger submitted an insurance claim to Standard Fire Insurance Company ("Standard Fire"), seeking recovery for the structural damage and loss of contents. Standard Fire sent a representative, Joe Fenley ("Fenley") to investigate. Fenley conducted two inspections and concluded that the fire was the result of arson. Standard Fire denied payment on the insurance claim and brought this declaratory judgment action, seeking a judgment that Standard Fire owes no obligation to Rominger under the insurance policy. Rominger counterclaimed, asserting breach of the insurance contract and breach of the duty of good faith and fair dealing under the Texas Deceptive Trade Practices Act, Tex.Bus. and Comm.Code, § 17.46, and the Texas Insurance Code, Art. 21.21, § 16.

Standard Fire has filed a motion for partial summary judgment as to Rominger's statutory counterclaims. For the following reasons, this motion is granted.

### 2. Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511; *see Lewis v. Glendel Drilling Co.*, 898 F.2d 1083, 1088 (5th Cir.1990), *cert. denied,* — U.S. —, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991).

Under Fed.R.Civ.P. 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).

Where the moving party has met its Rule 56(c) burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts ... [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 586–87, 106 S.Ct. at 1356 (quoting Fed.R.Civ.P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Leonard*, 828 F.2d at 294. To sustain the burden, the nonmoving party must produce evidence admissible at trial. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2514; *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir., 1992) ("To avoid a summary judgment, the nonmoving

party must adduce admissible evidence which creates a fact issue....").   In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.  If reasonable minds can differ regarding a genuine issue of material fact, summary judgment should not be granted. *Anderson,* 477 U.S. at 250–51, 106 S.Ct. at 2511.

### 3.  Duty of Good Faith and Fair Dealing

Standard Fire asserts that Rominger cannot show that no reasonable basis existed for the denial of Rominger's claim, and that Standard Fire is entitled to summary dismissal of the breach of good faith and fair dealing counterclaim.

■■■  In order to prove a bad faith case against an insurer, an insured must show either that the insurer "had no reasonable basis" for denying the claim or that the insurer failed to determine whether there was a reasonable basis for denying the claim. *See State Farm Lloyds, Inc. v. Polasek,* to be reported at 847 S.W.2d 279, 283 (Tex.App.— San Antonio 1992) (citing *Arnold v. National Cty. Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987)).   The insured must establish " 'the absence of a reasonable basis for denying or delaying payment of the benefits of the policy' *and* that the carrier knew or should have known that there was no reasonable basis for denying or delaying payment." *Id.* (quoting *Aranda v. Ins. Co. of North America,* 748 S.W.2d 210, 213 (Tex.1988) (emphasis in original)).

The second element of this test will be met "by establishing that the carrier actually knew there was no reasonable basis to deny the claim  ..., or by establishing that the carrier, based on its duty to investigate, should have known that there was no reasonable basis for denial or delay." *Id.*  The *Aranda* court went on to say that "carriers will maintain the right to deny invalid or questionable claims and will not be subject to liability for an erroneous denial of a claim." *Aranda,* 748 S.W.2d at 213.  "[I]t is not enough for the insured to show that the insurer should have known to pay the claim, or that there were other facts suggesting that the claim was valid.  The insured must show that no reasonable basis existed for denying the claim." *Polasek,* 847 S.W.2d at 284 (citing to *Aranda,* 748 S.W.2d at 213, *Arnold,* 725 S.W.2d at 167).

■■■  In this case, based on the investigation done by Fenley, as well as the other evidence before Standard Fire that is set out in the summary judgment record, Rominger cannot show the absence of a reasonable basis to deny the claim.  Rominger's claims under the Texas Insurance Code and the Texas Deceptive Trade Practices Act must fail as a matter of law.

The evidence on which Standard Fire based the denial of this claim included the following:

(1) Fenley concluded that no normal and natural accidental causes for the fire were present (Docket Entry 20, ex. C);

(2) the Houston Arson Division concluded that the cause of the fire was arson (*id.* at ex. B);

(3) fire debris samples taken by Fenley showed the presence of a medium-weight petroleum distillate (ex. D);

(4) Rominger had been trying to sell the house since July 1988 (ex. E);

(5) Rominger was four or five months late in his mortgage payments, and the mortgage company had notified Rominger of impending foreclosure if payments were not made by the end of December 1989, (ex. E);

(6) Shortly after the fire, Rominger sent his estranged wife a handwritten note and a videotape of the fire scene, containing a recording of a male voice singing songs about fire.  Rominger sent the video and the note to his wife before December 25, 1989.  The note reads as follows:

Hi Sweetie

Thought I would send this to you Wright away, watch till finished.  You said talk was cheap, please take a few steps back and open your eyes real good, take a long hard look at your situation and

think about it I'm almost ready to come home nothing left here for me.

Love E

------------

P.S. Write me or call have everything worked out to get our own farm in *1990* and we can both have our dreams and, I think about you and me often, can only see good things ahead!!!

(ex. G).

In *Dixon v. State Farm Fire and Cas. Co.,* 799 F.Supp. 691 (S.D.Tex.1992), State Farm denied coverage based on laboratory finding demonstrating the presence of flammable liquids, a burn pattern denoting deliberateness, and a committee report establishing motive. The court in *Dixon* held that this evidence was sufficient to give State Farm a reasonable basis to deny the claim and that summary judgment was proper on the breach of the good faith and fair dealing claim. *Dixon,* 799 F.Supp. at 695. Similarly, the court in *Polasek* reversed a jury award for the insured on the bad faith claim, holding that the insurer had a reasonable basis to deny the claim. The evidence at trial was that (1) the fire was incendiary in origin; (2) laboratory tests showed the presence of kerosene on carpet remains; (3) no accidental cause, such as an electrical short or a heater, was apparent; (4) some evidence showed the Polaseks to be financially unstable. The court held that this evidence showed conclusively that State Farm had a reasonable basis for denying the Polasek's claim. *Polasek,* 847 S.W.2d at 283.

As in *Polasek* and *Dixon,* the evidence in this case establishes that as a matter of law, Standard Fire had a reasonable basis for denying Rominger's claim. Standard Fire's Motion for Partial Summary Judgment is therefore granted, and the statutory bad faith counterclaims are dismissed.