Mrs. Kay D. WILLIAMSON

v.

**PETROLEUM HELICOPTERS, INC., Societe Nationale Industrielle Aerospatiale Now Eurocopter S.A. and American Eurocopter Corporation.**

John Carver Richards, II and Carol Ann Richards

v.

Petroleum Helicopters, Inc., Societe Nationale Industrielle Aerospatiale Now Eurocopter S.A. and American Eurocopter Corporation.

Nos. Civ.A. G–97–301, G–97–302.

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 7, 1999.

Harvey Jay Lewis, Lewis & Kullman, New Orleans, LA, for Kay D. Williamson.

Dennis M. McElwee, Schechter and Marshall, Houston, TX, for John Carver Richards, II, Carol Ann Richards, John Paul Richards, Deceased.

Ethan L. Shaw, Moore Landrey et al, Beaumont, TX, for Linda Sue Gardner.

Leslie Megin Koch, Louisiana Workers Compensation Corp., Legal Counsel, Baton Rouge, LA, for Louisiana Workers' Compensation Corporation.

Ronnie W. Baham, Jr., Brown Sims Wise & White, Houston, TX, for Insurance Company of the State of Pennsylvania.

Leo R. McAloon, Attorney at Law, New Orleans, LA, Kenneth H. Laborde, Pulaski Gieger & Laborde, New Orleans, LA, Kenneth LaBorde, Pulaski Gieger & LaBorde, New Orleans, LA, for Petroleum Helicopters Inc.

Kenneth Ross Citti, Citti & Crinion, Houston, TX, William L. Robinson, Lillick & Charles, Long Beach, CA, for American Eurocopter Corporation.

Kenneth Ross Citti, Citti & Crinion, Houston, TX, Kevin Charles Cabaniss, Locke Purnell et al, Dallas, TX, William L. Robinson, Lillick & Charles, Long Beach, CA, for Eurocopter S.A.

Jad J. Stepp, Stepp von Sternberg and Sullivan, Houston, TX, for AMPEP, PLC.

### ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

KENT, District Judge.

Plaintiffs bring this suit under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.* ("OCSLA"). Plaintiffs were killed on November 28, 1996, when the helicopter in which they were riding crashed while attempting to land on an offshore platform in the Gulf of Mexico. Plaintiff Kay Williamson filed this claim against Defendants Petroleum Helicopters, Inc. ("PHI"), Eurocopter S.A., and American Eurocopter

Corporation on behalf of herself and as the personal representative of deceased Plaintiff James Edward Williamson on May 23, 1997, the same day that Plaintiffs John and Carol Richards filed a claim against Defendants on behalf of themselves and as representatives of deceased Plaintiff John Paul Richards. On September 18, 1997, the two cases were consolidated. Now before the Court are Motions for Partial Summary Judgment from Defendants PHI and Eurocopter. Defendants argue that the Death on the High Seas Act, 46 U.S.C.App. § 761 *et seq.* ("DOHSA"), applies to this case to the exclusion of OCSLA and that as a consequence each and all of Plaintiffs' claims for punitive and non-pecuniary damages should be dismissed. For the reasons set forth below, Defendants' Motions are **GRANTED.**

## I. FACTUAL SUMMARY

Deceased Plaintiffs James Williamson and John Paul Richards were workmen aboard a stationary oil platform in the Gulf of Mexico, beyond Texas territorial waters. On November 28, 1996, they boarded a helicopter owned by Defendant PHI to be flown to another platform in the Gulf. En route to the second platform, the helicopter, a model manufactured by Defendant Eurocopter, began experiencing mechanical problems. The pilot attempted to land the aircraft on a nearby stationary platform. The pilot's initial approach to the third platform was unsuccessful, and on his second approach, the aircraft crashed into the structure and fell into the sea. Both Williamson and Richards were killed.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106

S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. *See id.* at 248, 106 S.Ct. at 2510. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See id.* at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Dixon v. State Farm Fire & Casualty Co.,* 799 F.Supp. 691 (S.D.Tex.1992) (noting that summary judgment is inappropriate if the evidence could lead to different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

## III. ANALYSIS

Plaintiffs bring their claims for the wrongful deaths of Williamson and Richards under OCSLA, 43 U.S.C.A. § 1331 *et seq.* Among the damages sought by Plaintiffs are punitive damages and non-pecuniary damages including loss of society, loss of consortium, and decedents' pre-death pain and suffering.

■ OCSLA makes the law of adjacent states, insofar as their law is not inconsistent with federal law, applicable as surrogate federal law to the subsoil and seabed of, and the platforms erected upon, the Outer Continental Shelf. 43 U.S.C.A. § 1333(a); *see also Smith v. Pan Air Corp.,* 684 F.2d 1102, 1109 (5th Cir.1982). As the fatal accident occurred approximately thirty-seven nautical miles from Galveston, Texas, the applicable state's law would be that of Texas. Texas wrongful death law permits recovery of pecuniary, non-pecuniary, and punitive damages. *See* Tex.Civ.Prac. & Rem.Code Ann. § 71.002 (Vernon 1989).

However, Defendants contend that Plaintiffs are not entitled to non-pecuniary or punitive damages because DOHSA, rather than OCSLA, governs this action. Where DOHSA applies, it does not allow damages for non-pecuniary losses. 46 U.S.C.App. § 762; *Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116, ——, 118 S.Ct. 1890, 1894, 141 L.Ed.2d 102 (1998); *Miles v. Apex Marine Corp.*, 498 U.S. 19, 31, 111 S.Ct. 317, 325, 112 L.Ed.2d 275 (1990). Consequently, if DOHSA governs this action, the Court must dismiss all of Plaintiffs' claims for non-pecuniary and punitive damages.

In determining whether DOHSA or OCSLA governs this action, the Court is bound by the decisions of the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit has stated that in cases where OCSLA and admiralty law each provide an independent basis for jurisdiction, maritime law governs to the exclusion of OCSLA. *See Smith v. Penrod Drilling Corp.*, 960 F.2d 456, 459 (5th Cir.1992) (holding that maritime law governed an indemnity contract between a drilling company and an oil corporation concerning personal injury claims brought by employees aboard a platform operated jointly by those parties); *Recar v. CNG Producing Co.*, 853 F.2d 367, 369 (5th Cir.1988) (holding that OCSLA applied to a worker's suit against the owner of a platform on which he was injured but stating that if the district court on remand found an independent basis for admiralty jurisdiction it should apply maritime law); *Laredo Offshore Constructors, Inc. v. Hunt Oil Co.*, 754 F.2d 1223, 1229 (5th Cir.1985) (applying OCSLA to an offshore oil exploration contract but noting that "where admiralty and OCSLA jurisdiction overlap, the case is governed by maritime law"); *Smith v. Pan Air Corp.*, 684 F.2d at 1111–12 (holding that DOHSA governed a wrongful death suit brought by the family of a helicopter pilot who died after his aircraft struck a platform and sank in the Gulf of Mexico); *but see Matte v. Zapata Offshore Co.*, 784 F.2d 628, 630 (5th Cir.1986) (holding that despite the existence of a maritime indemnity contract, OCSLA governed an indemnity dispute between a fixed platform owner and the employer of a worker who was injured aboard the platform). The question thus becomes whether there exists an independent basis for admiralty jurisdiction.

For admiralty jurisdiction to exist over a tort claim such as those in this case, the claim must have both a maritime locality and a connection to maritime activity. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534, 115 S.Ct. 1043, 1048, 130 L.Ed.2d 1024 (1995). The first inquiry is relatively simple. Because the aircraft began experiencing problems over the Gulf of Mexico and ultimately sank in the waters of the Gulf, the incident forming the basis of the claim clearly satisfies the maritime locality requirement. The test for determining the claim's connection to maritime activity is more complex. It requires the Court to address two issues. First, the Court must examine the general features of the incident at the heart of the claim to determine whether it could have a "potentially disruptive impact on maritime commerce." *Id.* at 538, 115 S.Ct. at 1048 (citing *Sisson v. Ruby*, 497 U.S. 358, 363, 110 S.Ct., 2892, 2896, 111 L.Ed.2d 292 (1990)). This prong of the inquiry focuses not on any actual impact the incident had but rather on whether the incident was of a type or class of incidents that poses "more than a fanciful risk to commercial shipping." *Id.*, at 538, 115 S.Ct. at 1051. The sinking of an aircraft in navigable waters is well within that class of incidents. *See Sisson*, 497 U.S. at 363, 110 S.Ct. at 2896 (1990) (citing *Executive Jet v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), for the example of the potential navigation hazard posed by the sinking of an aircraft). Second, the Court must determine whether the general character of the activity giving rise to the incident bears a "substantial relationship to traditional maritime activity." *Grubart*, 513 U.S. at 539–40, 115 S.Ct. at 1051. Like the first prong, this element of the connection inquiry is satisfied here. The use of helicopters to transport personnel to and from offshore drilling platforms is close enough in spirit to the use of boats to perform such tasks to show the necessary relationship. *See Tallentire*, 477 U.S. at 218–19, 106 S.Ct. 2485 ("Although the decedents were killed while riding a helicopter and not a more traditional mari-

time conveyance, that helicopter was engaged in a function traditionally performed by waterborne vessels: the ferrying of passengers from an 'island,' albeit an artificial one, to the shore.").

The requirements for admiralty jurisdiction are thus satisfied. Because this case arises in admiralty, maritime law governs Plaintiffs' claims. *See East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864, 106 S.Ct. 2295, 2298–99, 90 L.Ed.2d 865 (1986) ("With admiralty jurisdiction comes the application of substantive admiralty law."). The law applicable to wrongful death claims arising in admiralty is DOHSA. 46 U.S.C.App. § 761; *Smith v. Pan Air Corp.*, 684 F.2d at 1109.

Plaintiffs offer one case in support of their argument that their claims are rightly governed by OCSLA rather than DOHSA. In *Barger v. Petroleum Helicopters, Inc.*, 692 F.2d 337 (5th Cir.1982), the Fifth Circuit held that OCSLA governed the wrongful death claim of a helicopter pilot who died in a crash on the high seas while transporting workers from an offshore drilling platform. 692 F.2d at 340–41. *Barger* is inapposite for several reasons. First, the facts of the incident are distinguishable. There, the accident did not involve a platform in any way; the aircraft simply crashed into the international waters of the Gulf of Mexico, over the Outer Continental Shelf. Second, and relatedly, the portion of OCSLA at issue in *Barger* was 'an entirely different clause. This case implicates 43 U.S.C. § 1333(a)(1), the narrow state law extension clause. *Barger* concerned 43 U.S.C. § 1333(b); the far broader compensation coverage clause. In *Barger*, the defendant was the decedent's employer, the owner and operator of the helicopter. *Id.* at 338. Under Section 1333(b), any plaintiff's recovery against his employer for death or injury resulting from Outer Continental Shelf operations conducted for the purposes of exploring for, developing, or removing the natural resources of the subsoil or seabed of the Shelf is limited to that payable under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* ("LHWCA"). 43 U.S.C. § 1333(b); *Barger*, 692 F.2d at 339. In turn, Section 933(I) of the LHWCA provides that this compensation is the exclusive remedy of an injured or deceased employee against his employer. 33 U.S.C. § 933(i); *Barger*, 692 F.2d at 339. Consequently, the court in *Barger* held that because the plaintiff there was covered by Section 1333(b) of OCSLA, he had no recovery against his employer under maritime law, even if admiralty jurisdiction did in fact exist. *See Barger*, 692 F.2d at 339. In the present case, however, Plaintiffs are not bringing suit against their employer. Rather, they are alleging claims against the owner and manufacturer of the helicopter. Such claims implicate only Section 1333(a), which makes state law applicable only to workers in certain areas and, in this Circuit, only where there exists no independent basis for admiralty jurisdiction. *See Penrod Drilling*, 960 F.2d at 459; *Recar*, 853 F.2d at 369; *Laredo Offshore*, 754 F.2d at 1229; *Smith v. Pan Air Corp.*, 684 F.2d at 1111–12; *but see Matte*, 784 F.2d at 630. Because of these distinctions, *Barger*'s interpretation of OCSLA's Section 1333(b) has no applicability to the facts of this case.

With the requirements for admiralty jurisdiction satisfied and DOHSA supplying the controlling law, Plaintiffs cannot assert claims for punitive and non-pecuniary damages. Accordingly, Defendants' Motion for Partial Summary Judgment is **GRANTED**. Plaintiffs' claims for punitive and non-pecuniary damages are hereby **DISMISSED WITH PREJUDICE.**

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's claims for punitive and non-pecuniary damages under OCSLA are **DISMISSED WITH PREJUDICE** . The remaining claims will be set for trial at a later date. Without commenting on the merits of the claims or defenses asserted, the Court will examine them again at that time. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. In due course, the Court will enter a Final Judgment on all claims dismissed herein.

**IT IS SO ORDERED.**