**REPUBLIC SERVICES, INC.**

v.

**TEXAS ECOLOGICAL SERVICES, INC. et al.**

No. Civ.A. G–99–785.

United States District Court, S.D. Texas, Galveston Division.

Nov. 3, 2000.

Francis I. Spagnoletti, Spagnoletti & Assoc, Houston, TX, for Republic Services Inc., plaintiff.

Mary Kopecky Ludwick, Ludwick & Associates, Dallas, TX, for Texas Ecological Services Inc., defendant.

### ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

Plaintiff filed this action against Defendants for declaratory judgment, breach of contract, fraud, constructive fraud, breach of fiduciary duty, intentional and negligent misrepresentation, and conversion. Defendants have counterclaimed for breach of contract. Now before the Court is Defendants' Motion for Summary Judgment filed on July 21, 2000. For reasons stated below, Defendants' Motion for Summary Judgment is **DENIED.**

### I. BACKGROUND

This case arises out of an agreement between Plaintiff Republic Service ("Republic") and Defendant Texas Ecological Services, Inc. ("Eco Tex"), whereby Republic purchased certain assets from Eco Tex. The agreement was entered into by the parties on October 27, 1998.[1] Under the contract's terms, ten percent, $205,700, of the purchase price was held back by Republic for one year for the purpose of ensuring Republic's recovery of "Indemnifiable Damages." The agreement also contemplated a "Purchase Price Offset" depending upon the "average gross monthly revenue" calculated from the first four months of Republic's operation of the company. Plaintiff claims that during negotiation, and at the closing, Defendants agreed to deliver to Republic a complete list of all receivables to be transferred to Republic. Furthermore, Defendants also represented that the receivables were "valid and legally

---

1. Plaintiff claims that though the agreement was dated October 27, 1998, Defendants did not sign the agreement on that date, but rather on the closing date of November 2, 1998. Plaintiff cites Defendants' witnesses' testimony to this effect.

binding, represent bona fide transactions and ... are good and collectable Receivables" and would be "collected in full." Plaintiff maintains that these representations were false.

After approaching Defendants' lawyer with a letter outlining Republic's claim for Indemnifiable Damages and receiving no response to its request to discuss the issue, Plaintiff filed this cause of action against Eco Tex and individual shareholders of Eco Tex. Plaintiff alleges that Defendants breached the contract by making misrepresentations and breaching warranties. Plaintiff claims that it is entitled to withhold $171,009.29 of the retained funds as an offset. In addition, Plaintiff brings claims for fraud, constructive fraud, breach of fiduciary duty, intentional and negligent misrepresentation, and conversion. Defendants counterclaimed, alleging breach of contract. They claim that they are entitled to all of the funds retained by Republic under the agreement, plus accrued interest.

## II. *LEGAL STANDARD*

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. *See id.* at 248, 106 S.Ct. at 2510. The mere *existence* of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See id.* at

247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Dixon v. State Farm Fire & Casualty Co.,* 799 F.Supp. 691 (S.D.Tex.1992) (noting that summary judgment is inappropriate if the evidence could lead to different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

## III. *ANALYSIS*

Having reviewed Defendants' Motion and Plaintiff's response, the Court finds that there is a dispute as to genuine issues of material fact on each of claims and counterclaims upon which Defendants seeks summary judgment. Thus, summary judgment is inappropriate. Accordingly, Defendants' Motion for Summary Judgment is **DENIED.**

Defendants' argument for summary judgment on the declaratory judgment action reflects a misunderstanding of the law worth clarifying. Defendants ask for summary judgment on Plaintiff's declaratory judgment action because it seeks the exact same relief as is sought in the breach of contract and conversion actions. First, a declaratory judgment cannot possibly lead to the "exact same relief" as the other causes of action because it would only result in a declaration of rights, not a money judgment. Second, even if the declaratory judgement action does share the same operative factual and legal issues as some other cause of action, this is not reason alone to warrant summary judgment. Rule 57 of the Federal Rules of Civil Procedure specifically provides that, "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." In addition, the Declaratory Judg-

ment Statute, 28 U.S.C. § 2201 (1994), states that a District Court may utilize a declaratory judgment to declare the rights of parties "whether or not further relief *is* or could be sought" (emphasis added).[2] A declaratory judgment action is a perfectly appropriate method for determining rights under a contract. *See Diamond Offshore Co. v. A & B Builders, Inc.,* 75 F.Supp.2d 676 (S.D.Tex.1999) (Kent, J.) (declaratory judgment action determining the validity of a contract provision). The Court finds no reason not to give Plaintiff its desired declaration of rights under the contract, if Plaintiff wants such and is justly entitled to it, simply because it has also filed a breach of contract action.

## IV. CONCLUSION

For the reasons set forth above Defendants' Motion for Summary Judgment is **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are urged to continue settlement negotiations with an aim to coming to an expeditious resolution of this matter.

**IT IS SO ORDERED.**

---

**2.** The Defendants cite many Texas state court decisions to the effect that a declaratory judgment is improper in the type of situation. As these cases interpret the Texas Declaratory Judgment Act, they have no relevance here. As the Supreme Court has indicated, "that the declaratory remedy which may be given by the federal courts may not be available in the State courts is immaterial." *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 674, 70 S.Ct. 876, 880, 94 L.Ed. 1194 (1950); *National R.R. Passenger Corp. v. Consolidated Rail Corp.,* 670 F.Supp. 424, 428 (D.D.C.1987) (holding that even in diversity cases, federal law determines whether a declaratory judgment may be properly rendered). In short, in federal courts, federal law controls declaratory judgment actions. *See* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2756 (1998).