654

**Tamra BEAUBOUEF**

v.

**PHILLIPS PETROLUEM COMPANY**

**No. CIV. A. G–00–199.**

United States District Court,
S.D. Texas,
Galveston Division.

May 31, 2001.

Gregg M. Rosenberg, Gregg M. Rosenberg & Associates, Houston, TX, for Tamra Beaubouef, Plaintiff.

Kerry E. Notestine, Littler Mendelson, Paula A. Johnson, Houston, TX, for Phillips Petroleum Company Inc, Defendant.

### ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

Plaintiff claims that she was fired because she was pregnant. She brings claims under the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"). In addition, she brings a state law claim for breach of contract. Now before the Court is Defendant's Motion for Summary Judgment. For the reasons stated below, Defendant's Motion is **DENIED** as to Plaintiff's PDA claim, and **GRANTED** as to Plaintiff's breach of contract claim.

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and

the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. *See id.* at 248, 106 S.Ct. at 2510. The mere *existence* of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See id.* at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Dixon v. State Farm Fire & Cas. Co.,* 799 F.Supp. 691 (S.D.Tex.1992) (noting that summary judgment is inappropriate if the evidence could lead to different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

## II. ANALYSIS

■ As to Plaintiff's claims under the PDA, the Court finds that Plaintiff has provided sufficient evidence to establish her prima facie case under the *McDonnell Douglas* paradigm. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973); *Texas Dept. of Cmty. Affairs v.*

*Burdine,* 450 U.S. 248, 253–56, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981); *Garcia v. Woman's Hosp.,* 97 F.3d 810, 812–13 (5th Cir.1996) (holding that claims under the PDA are analyzed like Title VII claims under the *McDonnell Douglas* paradigm). In response, Defendant argues that the decision to terminate Plaintiff was made prior to the time that it knew of her pregnancy. Although Defendant would be entitled to judgment if this is true, the Court finds that Plaintiff has provided sufficient evidence to create a fact issue on the matter. Hence, Defendant's Motion for Summary Judgment as to Plaintiff's PDA claim is **DENIED**.

■ Plaintiff has failed to provide, however, adequate evidence to support her state law breach of contract claim. The parties agree that Texas law applies to this dispute. Under Texas law, there is a presumption that employment is "at-will," or subject to termination at any time "for good cause, bad cause, or no cause at all." *Montgomery County Hosp. Dist. v. Brown,* 965 S.W.2d 501, 502 (Tex.1998). In this case, Plaintiff's "at-will" employment status was memorialized in her signed employment application which stated:

> I understand that I have the right to terminate my employment with Phillips or its subsidiaries at any time with or without reason or notice. I also understand that Phillips or its subsidiaries has the same right and that employment is not for any specific period of time.

Plaintiff argues, however, that certain statements made to her after being hired created an enforceable employment contract which Defendant breached by firing her. Specifically, Plaintiff testified in her deposition that Mike Coffelt, a Vice President, told her that she would not be included in layoffs which were occurring at the

time. In addition, she testified that her direct supervisor told her that the company's layoffs were over. Even assuming that these statements were indeed made, and viewing them in the light most favorable to Plaintiff, the Court must conclude that they do not constitute an enforceable employment contract.

■ Under Texas law, for an employment contract to exist "the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances." *Id.* The statements allegedly made to Plaintiff constitute, at best, indefinite encouragements or assurances, which under Texas law cannot by themselves alter employment at-will status. *See id.* ("An employee who has no formal agreement with his employer cannot construct one out of indefinite comments, encouragements, or assurances."). Furthermore, even if these comments could be said to constitute an employment agreement altering Plaintiff's "at-will" status, the agreement would be unenforceable. Plaintiff's signed employment application contained a provision stating, "I further understand any contracts for employment must be in writing, prepared by the Corporate Legal Staffs, and approved by a Vice President, Corporate Relations and Services." The assurances made to Plaintiff were oral, and Plaintiff has produced no writing memorializing such statements. In addition, Plaintiff has produced no evidence demonstrating that there was consideration given for these assurances. Indeed, she testified in her deposition that nothing was given in exchange. Nor has Plaintiff produced any evidence of detrimental reliance. Thus, for all these reasons, the Court must find that Plaintiff's breach of contract claim cannot survive summary judgment. Defendant's Motion for Summary Judgment on the breach of contract claim is therefore **GRANTED**.

*III. CONCLUSION*

For the reasons stated above, Defendant's Motion for Summary Judgment is **DENIED** with respect to Plaintiff's claim under the PDA, but **GRANTED** with respect to Plaintiff's breach of contract claim. Both sides are to bear their own costs in the matter incurred herein to date.

**IT IS SO ORDERED.**