**Roger EAST, Jr. Plaintiff,**

v.

**PREMIER, INC., LLOG Exploration Offshore, Inc., and R & B Falcon Drilling USA, Inc. Defendants.**

**No.   CIV.A.G–02–217.**

United States District Court, S.D. Texas, Galveston Division.

Aug. 7, 2003.

Francis I. Spagnoletti, Spagnoletti & Assoc., Houston, TX, for Plaintiff.

Andrew Z. Schreck, Brewer & Pritchard PC, Robert D. Brown, Donato Minx et al., Houston, TX, James Richard Watkins, Royston Rayzor et al., Galveston, TX, for Defendants.

### ORDER GRANTING LLOG EXPLORATION OFFSHORE, INC.'S MOTION FOR SUMMARY JUDGMENT AND DENYING R & B FALCON DRILLING USA, INC.'S MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

Plaintiff Roger East, Jr. brought this action against Premier, Inc., LLOG Exploration Offshore, Inc. ("LLOG"), and R & B Falcon Drilling USA, Inc. ("R & B Falcon") seeking recovery for personal inju-

ries he allegedly sustained while working aboard the RBF 254, a mobile offshore drilling unit owned and operated by R & B Falcon. Plaintiff settled his claims against Defendants, and the Court dismissed that portion of the case; however, R & B Falcon filed a cross-claim against LLOG for defense and indemnification, which remains before the Court. LLOG and R & B Falcon filed competing Motions for Summary Judgment, which are now ripe for adjudication. For the reasons articulated below, the Court hereby **GRANTS** LLOG's Motion for Summary Judgment and respectfully **DENIES** R & B Falcon's Motion for Summary Judgment.

## I. Factual Background

At the time of Plaintiff's injury, the RBF 254 was working pursuant to a Daywork Drilling Contract (the "Contract") between LLOG and R & B Falcon. LLOG drafted the Contract, which contains the following relevant provisions:

904. *Operator's Personnel*

Operator [LLOG] shall be responsible for all claims, demands, and causes of action of every kind and character arising in connection herewith in favor of Operator's Personnel or Operator's invitee's, on account of bodily injury, death or damage to property.

.   .   .   .   .

910. *General Intent*

The parties recognize that the performance of well drilling, workover and associated activities such as those to be performed under this Contract may result in bodily injury, death, damage or loss of property, well loss or damage, pollution, loss of well control, reservoir damage and other losses and liabilities. It is the intention of the parties hereto that the provisions of this Article IX and Paragraphs 606 and 607 shall exclusively govern the allocation of risks and liabili-

ties of said parties without regard to cause (as more particularly specified in Paragraph 910), it being acknowledged that the compensation payable to Contractor [R & B Falcon] as specified herein has been based upon the express understanding that risks and liabilities shall be determined in accordance with the provisions of this Contract.

The Parties do not dispute that Plaintiff was LLOG's invitee and was injured due to R & B Falcon's negligence. The Parties dispute whether the preceding Contract provisions obligate LLOG to indemnify R & B Falcon for R & B Falcon's own negligence.

## II. Legal Analysis

### A. *Summary Judgment Standard*

Summary judgment can only be granted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). If the evidence is such that a reasonable fact finder could find in favor of the nonmoving party, summary judgment should not be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Dixon v. State Farm Fire & Cas. Co.*, 799 F.Supp. 691, 694 (S.D.Tex.1992) (noting that summary judgment is inappropriate if the evidence could lead to different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. Procedurally, the party moving for summary judgment bears the initial burden of "informing the district court of the

basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2553; *see also* Fed.R.Civ.P. 56(c). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *See Matsushita*, 475 U.S. at 585–87, 106 S.Ct. at 1355–56; *Wise v. E.I. DuPont De Nemours & Co.*, 58 F.3d 193, 195 (5th Cir.1995). The Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. *See Matsushita*, 475 U.S. at 585–87, 106 S.Ct. at 1355–56. However, to meet its burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," but instead, must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 586–87, 106 S.Ct. at 1355–56 (quoting Fed.R.Civ.P. 56(e)).

*B. Analysis*

■ General maritime law governs this contractual indemnity dispute [1] in which R & B Falcon seeks indemnity for its own negligence from LLOG based upon the contractual provisions cited above. General maritime law has not adopted the express negligence test, which requires an indemnity provision to *expressly* state whether a party is to be indemnified for its own negligence. *See Theriot v. Bay Drilling Corp.*, 783 F.2d 527, 540–41 (5th Cir. 1986). Instead, long-established principles of general maritime law require that "indemnification for an indemnitee's own negligence be *clearly and unequivocally expressed.*" *Seal Offshore, Inc. v. American Standard, Inc.*, 736 F.2d 1078, 1081 (5th

Cir.1984) (emphasis added). "An indemnity provision should be construed to cover 'all losses, damages, or liabilities which reasonably appear to have been within the contemplation of the parties.'" *Theriot,* 783 F.2d at 540 (citing *Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 333 (5th Cir.1981)). But such a provision should not be read to impose liability for losses unless such liability is expressly stated or can be reasonably inferred as the parties' intention. *See Corbitt,* 654 F.2d at 333. Here, the Contract provisions do not expressly state that LLOG must indemnify R & B Falcon for its own negligence; thus, the Court examines whether such a reading can reasonably be inferred as the Parties' intention.

■ In construing a maritime contract, a court should not look beyond the language of the contract to determine the parties' intention unless the disputed contract provisions are ambiguous. *See Corbitt,* 654 F.2d at 332–33. Here, the Court determines that paragraph 910 of the Contract *is* ambiguous. Paragraph 910 states:

The parties recognize that the performance of well drilling, workover and associated activities such as those to be performed under this Contract may result in bodily injury, death, damage or loss of property, well loss or damage, pollution, loss of well control, reservoir damage and other losses and liabilities. *It is the intention of the parties hereto that the provisions of this Article IX and Paragraphs 606 and 607 shall exclusively govern the allocation of risks and liabilities of said parties without regard to cause (as more particularly specified in Paragraph 910),* it being acknowledged

---

1. Mobile offshore drilling units, such as the RBF 254, are vessels, *see Offshore Co. v. Robison,* 266 F.2d 769, 779 (5th Cir.1959), and contracts for offshore drilling involving these vessels are maritime contracts. *See Lewis v.*

*Glendel Drilling Co.*, 898 F.2d 1083, 1086 (5th Cir.1990). Further, in the Contract, the Parties agreed to the applicability of general maritime law.

that the compensation payable to Contractor [R & B Falcon] as specified herein has been based upon the express understanding that risks and liabilities shall be determined in accordance with the provisions of this Contract.

(emphasis added). The italicized portion of paragraph 910 makes no sense: it refers the reader to itself for an explanation of risks and liabilities which it does not contain. Clearly, this paragraph is ambiguous-more importantly, its ambiguity involves the disputed issue between LLOG and R & B Falcon. Because the paragraph is ambiguous, the Court looks beyond the Contract's language for outside evidence of the Parties' intent.

■ The evidence shows that the Contract between LLOG and R & B Falcon was adapted from an International Association of Drilling Contractors ("IADC") form contract. The only change made to the IADC form contract was the deletion of any form of indemnity clause. For example, in the form contract, paragraph 904, "Operator's Personnel" states:

Operator shall be responsible for *and hold harmless and indemnify Contractor from and against* all claims, demands, and causes of action of every kind and character arising in connection herewith in favor of Operator's Personnel or Operator's invitee's, on account of bodily injury, death or damage to property.

(emphasis added). The italicized indemnity language was deleted from the LLOG/R & B Falcon Contract. Furthermore, paragraph 910 of the form contract, which was removed from the LLOG/R & B Falcon Contract, is entitled "Indemnity Obligation" and states:

(a) The parties intend and agree that *the phrase "be responsible for and hold harmless and indemnify"* in Paragraphs 605, 606 and 901 through 910 hereof means that *the indemnifying party shall release, indemnify, hold harmless and defend* (including payment of reasonable attorney's fees and costs of litigation) *the indemnified party from and against any and all claims,* demands, causes of action, damages, judgments and awards of any kind or character, without limit and without regard to the cause or causes thereof, *including* preexisting conditions, whether such conditions be patent or latent, the unseaworthiness of any vessel or vessels, breach of representation or warranty (express or implied), strict liability, tort, breach of contract, regulatory or statutory liability or the *negligence of any person or persons, including that of the indemnified party,* whether such negligence be sole, joint or concurrent, active, passive or gross, or any other theory of legal liability.

(emphasis added). Because the Contract provision is ambiguous, the Court may (and does) look to the Parties' specific deletion of these clauses as evidence of their intent. The specific deletion of these clear and unequivocal indemnity provisions, which expressly include indemnifying a party for its own negligence, persuades the Court that the Parties to the Contract in this case did not intend for LLOG to indemnify R & B Falcon under the circumstances of this case. Without the ambiguity created by the circular reference in paragraph 910, the Court might have decided differently.[2] However, given the evidence, the Court holds that the Contract does not require LLOG to indemnify R & B Falcon for its contribution to

2. *See, e.g., In re Incident Aboard the D/B Ocean King,* 758 F.2d 1063, 1069 (5th Cir. 1985) (holding that a party's responsibility for damage "from any cause" included damage cause by the indemnitee).

the settlement received by Plaintiff in this case.

In so deciding, the Court was forced to choose between competing legal principles. On one hand, principles of contract interpretation instruct the Court to construe contractual ambiguities against the contract's drafter. *See United States v. Seckinger,* 397 U.S. 203, 210, 90 S.Ct. 880, 884, 25 L.Ed.2d 224 (1970). On the other hand, substantive maritime law requires that indemnity provisions *clearly and unequivocally express* the parties' intention to indemnify a party even for its own negligence. *See Seal Offshore,* 736 F.2d at 1081; *see also Corbitt,* 654 F.2d at 333. Here, the Court finds that the equities[3] weigh in favor of following the latter rule of substantive law and, thus, finding in favor of LLOG.

### III. Conclusion

The Court thanks Counsel for their excellent advocacy. Often, exceptional briefing makes the Court's job easier; however, in this case, each side presented such persuasive arguments that the Court's decision was rendered much more difficult. Although the case presented an extremely close question, the Court, for all of the reasons stated above, hereby **GRANTS** LLOG Exploration Offshore, Inc.'s Motion for Summary Judgment and hereby respectfully **DENIES** R & B Falcon Drilling USA, Inc.'s Motion for Summary Judgment. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**

---

**3.** For example, the Court notes that LLOG and R & B Falcon are sophisticated companies with relatively equal bargaining power. Further, R & B seeks to be indemnified for its own negligence.