United States Court of Appeals,

Fifth Circuit.

No. 95-30371.

Julie COMEAUX, Individually and as natural tutrix of her minor son, Aaron Achor, Plaintiff-Appellant,

v.

NATIONAL TEA CO.;  McDonald's Restaurants, Inc., Defendants,

Ronson Corporation, Defendant-Appellee,

General Accident Insurance Company of America, Defendant.

April 24, 1996.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:

Aaron Achor, a nine-year-old boy, was burned when the Ronsonol lighter fluid in a McDonald's plastic pumpkin and on his clothes and skin ignited when either he or his eight-year-old companion Chris Holley struck a match.  Achor had poured the lighter fluid into the pumpkin, getting some on the ground and on himself.  The two boys had purchased both the Ronsonol lighter fluid and the matches at a grocery store earlier the same day.  Plaintiff-appellant Julie Comeaux (Comeaux), Achor's mother, brought this suit, individually and on Achor's behalf, to recover damages for Achor's injuries against the grocerystore and defendant-appellee Ronson Corporation (Ronson), manufacturer of the lighter fluid.  The claim against Ronson was cast under the Louisiana Products Liability Act (LPLA), La.R.S. 9:2800.51.  The case was removed to the district court below on the basis of diversity.  Ronson filed a motion for summary judgment contending that its product, which contains naphtha, was not unreasonably dangerous under the LPLA, and that its warnings were in compliance with the Federal Hazardous Substances Act (FHSA), 15 U.S.C. §§ 1261 *et seq.,* and the implementing regulations thereunder, which preempted any state law requirements for other or different warnings.  The district court granted the motion, concluding that the summary judgment evidence showed as a matter of law that the lighter fluid was not unreasonably dangerous and that

there was no failure to adequately warn in respect to it, and thus no recovery could be had from Ronson under the LPLA. The district court did not reach Ronson's preemption argument. The court rendered judgment for Ronson, and certified it for appeal under Rule 54(b).

On appeal, Comeaux's only complaint is her assertion that there is a fact issue as to the adequacy of Ronson's warnings under the LPLA. However, it is undisputed that Ronson's lighter fluid is subject to the FHSA and that Ronson's warnings fully complied with the FHSA and the regulations thereunder. Making, *arguendo,* the dubious assumption that there is a fact issue as to the adequacy of the warnings under the LPLA, nevertheless the summary judgment for Ronson must be sustained because the FHSA preempts any state law warning requirements other than those imposed by the FHSA and its implementing regulations. We so held respecting the almost identical preemptive provisions of the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. §§ 136-136y, in *MacDonald v. Monsanto Co.,* 27 F.3d 1021 (5th Cir.1994). And we now apply that same reasoning to the FHSA and its implementing regulations, as did the Fourth Circuit in *Moss v. Parks Corporation,* 985 F.2d 736 (4th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 2999, 125 L.Ed.2d 693 (1993). The warnings given by Ronson were in compliance with and fulfilled the warnings obligations under the FHSA and its implementing regulations, and any other or further warnings requirements, if any, under the LPLA are preempted.

Accordingly, the district court's judgment is

AFFIRMED.