Christina and John **WEST**, Individually and as Next Friends of John Luke West, Minor Plaintiffs,

v.

**MATTEL, INC.** Defendant.

No. G–02–566.

United States District Court, S.D. Texas, Galveston Division.

Feb. 6, 2003.

John Hunter Craft, Fulbright & Jaworski LP, Houston, TX, for Christina West, Jon West, Individually and as next Friend of Jon Luke West, Minor, John Luke West, a Minor, plaintiffs.

Michael S Goldberg, Baker Botts, Houston, TX, for Mattel Inc, defendant.

### ORDER PARTIALLY GRANTING AND PARTIALLY DENYING MATTEL'S MOTION FOR SUMMARY JUDGMENT ON PREEMPTION

KENT, District Judge.

Plaintiffs Christina and John West, Individually and as Next Friends of John Luke West, Minor ("John Jr.") (collectively as "Plaintiffs"), bring this action against Mattel, Inc. ("Mattel") for injuries that Plaintiffs sustained as a result of purchasing Mattel's Hot Wheels "Ultimate Police Chase" toy set. The Ultimate Police Chase set contains several pieces of track, a car launcher, one vehicle, and a policeman figurine. Tragically, on August 15, 2000, John Jr. swallowed the figurine, which lodged in his throat, and he began to choke. After several hours of hysteria and agony, a doctor was able to slice open John Jr.'s throat and remove the small figurine. Plaintiffs allege that John Jr.'s medical bills exceeded $100,000 during his recovery. On this basis, Plaintiffs assert claims against Mattel for strict products liability, negligence, breach of implied warranties, and bystander recovery.

Now before the Court is Mattel's Motion for Summary Judgment on Preemption. Mattel's Hot Wheels Ultimate Police Chase set contained a warning on the side of the toy box, which stated: "WARNING: CHOKING HAZARDSmall parts. Not for children under 3 years." It is undisputed that the policeman figurine is subject to government regulation as a "small part." *See* 16 C.F.R. §§ 1500.19, 1501.4. Since the policeman qualifies as a small part, the Ultimate Police Chase set cannot be marketed to children under the age of three because the presence of the small part presents an unreasonable choking hazard. *See* 16 U.S.C. 1500.18(9). Additionally, while the Consumer Product Safety Commission allows toys with small parts to be marketed to children between the ages of three and six, it requires that manufacturers include a warning label on the outside of the toy box identical to the warning label set forth in 16 C.F.R. § 1500.19(b)(1). Mattel complied with 16 C.F.R. § 1500.19 by including the above warning.

Mattel's Motion centers around the preemption provision relating to the particular warning at issue, which states:

*Preemption.* Section 101(e) of the Child Safety Protection Act of 1994 prohibits any state or political subdivision of a state from enacting or enforcing any requirement relating to cautionary labeling addressing small parts hazards or choking hazards associated with any toy, game, marble, small ball, or balloon intended or suitable for use by children unless the state or local requirement is identical to a requirement established by section 24 of the FHSA or by 16 CFR 1500.19.

16 C.F.R. § 1500.19(h). Mattel argues that since it complied with 16 C.F.R. § 1500.19 by adding the required warning to the Ultimate Police Chase set toy box, all of Plaintiffs' claims must fail because any imposition of liability will necessarily be predicated upon a failure to adequately warn Plaintiffs. Mattel contends that since all of Plaintiffs' claims are essentially based upon a failure to adequately warn, Plaintiffs' claims require a trier of fact to find that a warning *not* "identical to a requirement" under 16 C.F.R. § 1500.19 was required to prevent John Jr.'s injuries; thus, Plaintiffs' claims are preempted because it requires a state's enforcement of cautionary labeling contrary to the requirements of 16 C.F.R. § 1500.19. Plaintiffs counter that the preemption provision only preempts state warning re-

quirements, not state common-law damages actions. Additionally, even assuming *arguendo* that Plaintiffs' warning and marketing claims are preempted, Plaintiffs contend that their claims for defective design, negligence, breach of implied warranty, and bystander recovery clearly fall outside of the preemption provision. With the relevant facts and Parties' arguments in mind, the Court now turns to its substantive analysis.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When one party moves for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. *See id.* at 248, 106 S.Ct. at 2510. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See id.* at 247–48, 106 S.Ct. at 2510. Nevertheless, if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Dixon v. State Farm Fire & Cas. Co.*, 799 F.Supp. 691 (S.D.Tex.1992) (noting that summary judgment is inappropriate if the evidence could lead to different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.

## PREEMPTION ANALYSIS

■■■ The Supremacy Clause is the basis for preemption of state laws that conflict with federal law. U.S. Const. art. VI, cl. 2 ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; ... shall be the supreme Law of the Land; ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."). "Because the States are independent sovereigns in our federal system, we have long presumed that Congress does not cavalierly pre-empt state-law causes of action." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485, 116 S.Ct. 2240, 2250, 135 L.Ed.2d 700 (1996). When determining if a state law is preempted, the Court " 'start[s] with the assumption that the historic police powers of the States [are] not to be superceded by ... Federal Act[s] unless that [is] the clear and manifest purpose of Congress.' " *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407 (1992) (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947)). Consequently, "[t]he purpose of Congress is the ultimate touchstone" in analyzing whether Plaintiffs' claims are preempted. *Retail Clerks v. Schermerhorn*, 375 U.S. 96, 103, 84 S.Ct. 219, 222, 11 L.Ed.2d 179 (1963). Congressional intent may be ascertained in two ways. First, "Congress' intent may be 'explicitly stated in the statute's language or implicitly contained in its structure and purpose.' " *Cipollone*, 505 U.S. at 516, 112 S.Ct. at 2617 (quoting *Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1977)). If a statute does not contain an

explicit congressional command, state law is preempted if it clearly conflicts with federal law or if "federal law so thoroughly occupies a legislative field 'as to make reasonable the inference that Congress left no room for the States to supplement it.'" *Cipollone*, 505 U.S. at 516, 112 S.Ct. at 2617 (quoting *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982) (quoting *Rice*, 331 U.S. at 230, 67 S.Ct. at 1152)).

■ The statute at issue has an explicit preemption provision. *See* 16 C.F.R. § 1500.19(h). In order to determine whether Plaintiffs' claim are preempted, the Court must first determine the scope of the statute's preemption provision. The "Child Safety Protection Act of 1994 *prohibits* any state from enacting or *enforcing* any requirement relating to cautionary labeling ... *unless* the state or local requirement is *identical* to a requirement established by ... 16 C.F.R. § 1500.19." 16 C.F.R. § 1500.19(h) (emphasis added). Common-law damages actions are "premised on the existence of a legal duty"; hence, "it is the essence of the common law to enforce duties that are either affirmative *requirements* or negative *prohibitions.*" *Cipollone*, 505 U.S. at 522, 112 S.Ct. at 2620 (rejecting that preemption is limited to positive enactments by legislatures or agencies). Therefore, any positive enactment or common-law claim that is predicated upon a theory that Mattel's warning label (which complied with 16 C.F.R. § 1500.19(b)(1)) is inadequate is preempted because it would require a Court to enforce a requirement that was not identical to 16 C.F.R. § 1500.19(b)(1).

The instant case is analogous to the facts of *Comeaux v. National Tea Co.*, 81 F.3d 42 (5th Cir.1996). In that case, a child was burned by Ronsonol lighter fluid located inside a McDonald's plastic pumpkin. *Id.* at 43. The child's mother brought suit against Ronson alleging that its warnings were inadequate. *Id.* It was undisputed that Ronson's warnings were in compliance with the requirements of the Federal Hazardous Substances Act, 15 U.S.C. § 1261, *et seq. Id.* The Fifth Circuit held that the summary judgment for Ronson "must be sustained because the FHSA preempts any state law warning requirements other than those imposed by the FHSA and its implementing regulations." *Id.* Similar to *Comeaux*, the Court must inquire whether any of Plaintiffs' claims are based on the theory that Mattel's warning was inadequate. *See Cipollone*, 505 U.S. at 524, 112 S.Ct. at 2621 (explaining that claims based upon a failure-to-warn theory which require a showing that "advertising or promotions should have included additional, or more clearly stated warnings" different from federal regulatory requirements are preempted); *Netland v. Hess & Clark, Inc.*, 284 F.3d 895, 900 (8th Cir.2002) (holding in a comparable case that state-law claims premised upon failure-to-warn or inadequate warning theories that would result "in the imposition of additional or different labeling requirements," are nonetheless preempted "regardless of the guise under which the claim is presented"); *Moss v. Parks Corp.*, 985 F.2d 736, 739–40 (4th Cir.1993) (" 'If federal law mandates a specific label and permits nothing additional or different, it can hardly be urged that a state tort duty based on a warning requirement that is more elaborate and different does not conflict. The manufacturer in that case cannot comply with both.' ") (quoting *Worm v. American Cyanamid Co.*, 970 F.2d 1301, 1307 (4th Cir.1992)). If so, Plaintiffs' claim are preempted.

■ Plaintiffs' first theory is based upon defective marketing. Plaintiffs' Original Petition states that the toy is "defec-

tive as marketed because it was not sold with adequate warnings or instructions that can reasonably be expected to catch the attention of a reasonably prudent person .... ." Clearly, this claim is preempted under 16 C.F.R. § 1500.19(h) because Plaintiffs' theory requires an alteration of the existing warning for a finding of liability. Plaintiffs' second theory is that Mattel defectively designed the Ultimate Police Chase set. From Plaintiffs' Original Petition, it is not clear that Plaintiffs' defective design theory requires an alteration of the Ultimate Police Chase set's warning. Therefore, Plaintiffs' claim that is premised upon the Ultimate Police Chase set's defective design is not preempted. Third, Plaintiffs allege that Mattel is negligent for "failing to properly research, design, develop, and test toys not likely to cause choking incidents for children such as John Luke West, and in failing to warn and/or adequately warn Christina and John West of the choking dangers .... ." To the extent that Plaintiffs' negligence claim requires an alteration of the Ultimate Police Chase set's warning (failure-to-warn or inadequate warning theories), they are preempted. However, Plaintiffs could potentially argue that Mattel knew or should have known that the policeman figurine posed an unreasonable danger to children ages 3 to 6, and that Mattel should not have included the policeman figurine in its present size or configuration, or indeed even in the set at all. Thus, to the extent that Plaintiffs' negligence claim is not premised upon failure-to-warn or inadequate warning theories, it is not preempted. Similarly, Mrs. West's negligent infliction of emotional distress claim for witnessing John Jr.'s struggle while he was choking is also not preempted since Plaintiffs, as discussed above, may contend that Mattel was negligent in ways unrelated to the warning. Last, Plaintiffs' breach of implied warranties of merchantability and fit-

ness claims are not preempted, since the pleadings do not indicate that they are based upon inadequate warning theories.

The Court compliments the Parties' counsel for their excellent briefing. The Court sincerely enjoys seeing lawyers of this fine caliber before it. Despite good arguments from each Party, the Court concludes, after careful thought and considerable deliberation, that Plaintiffs' defective marketing claims and negligence claims that are premised *only* upon failure-to-warn or inadequate warning theories are preempted; accordingly, the Court **PARTIALLY GRANTS** Mattel's Motion for Summary Judgment on Preemption as to those claims *only*. Additionally, for the reasons articulated above, the Court **PARTIALLY DENIES** Mattel's Motion as to Plaintiffs' defective design claim, breach of implied warranties claims, and negligence claims, to the extent that these claims do not rely upon failure-to-warn theories. Consistent with this Order, the Court ORDERS Plaintiffs to file an Amended Complaint within thirty (30) days, wherein Plaintiffs are ORDERED to state, with precision and clarity, what liability theories each of their remaining claims rely upon, and the specific facts thereof. After such amendment, Mattel is hereby given leave to amend its responsive pleadings to place the remaining issues squarely before the Court. The Parties are to bear their own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**